In re the Marriage of Ronald Ray
**EGGE, petitioner, Appellant,**

v.

**Mary Kathleen EGGE, Respondent.**

No. CO–84–1755.

Court of Appeals of Minnesota.

Feb. 5, 1985.

Steven D. Hawn, Hertogs, Fluegel, Sieben, Polk, Jones & LaVerdiere, Cottage Grove, for appellant.

John E. Daubney, St. Paul, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from a post-judgment order amending a distribution of marital property, denying appellant's motion to forgive past-due child support and maintenance, and deducting the arrears from his equity in the homestead. The amendment of the judgment was based on Rule 60.01 (clerical error), or, alternatively, the inherent power to vacate or modify a consent decree for mistake or fraud. We reverse that part of the order amending the judgment and affirm on the child support arrears.

## FACTS

Ronald and Mary Egge were married in 1963, and divorced by a judgment and decree dated July 7, 1982. There is one child of the marriage, whose custody was awarded to Mary, and who reached his majority in April, 1984.

The dissolution was set for a final hearing on June 2, 1982, but the parties, after negotiation, reached an agreement and read the stipulation into the record. The Egges were then asked to affirm their understanding of, and consent to, the agreement, which they did.

In addition to a division of personal property, the Egges agreed on a division of the equity in the homestead, which was to be sold following the emancipation of the child. Mary's former counsel read this agreement into the record as follows:

> After payment of all sale expenses and the remaining mortgage balance, the net proceeds are to be divided equally between the parties, except for a lien to be awarded to Mrs. Egge *which shall be paid first* as provided hereinafter.
>
> \*  \*  \*  \*  \*  \*
>
> It is agreed that the respondent paid a premium on the life insurance policies of the petitioner, and the sum of $250 shall

be added to her lien against the homestead, making that a total of $12,250 *to be paid without interest prior to the division of the net proceeds between the parties.* [Emphasis added]

The effect of this formula is that the $12,250 is taken "off the top," i.e., before division of the sale proceeds. The net effect is to increase Mary's total property award by $6,125, and to decrease Ronald's by a corresponding amount. Mary claims, however, that the intended effect was to adjust each party's award by the full $12,250, in order to correct an imbalance in the personal property award.

Mary has submitted an affidavit stating that the value of the personal property awarded her was $4,400, while Ronald received personal property valued at $28,366. This $24,000 differential could be corrected only by taking the $12,250 out of Ronald's equity rather than "off the top," assuming that the parties intended an equal overall distribution of marital property.

The trial court found that Mary's personal property valuations were correct, although the parties had disagreed on valuation in their pre-trial statements. Ronald did not refute those valuations in his post-judgment affidavit. The court also found that the parties' intent "was to effect an equal distribution of the Egge marital property."

The judgment and decree was drafted by Ronald's former counsel, and submitted to Mary's former counsel for his approval. The latter revised pages 4–6 of the decree, which include the provisions at issue here, although the changes he made do not appear in the record. The decree as signed by the trial court includes the following property awards:

[To Ronald:] One half of the net proceeds from the sale of the homestead of the parties after deducting the sum of $12,250.00 to be paid directly to [Mary].
[To Mary:] Cash in the amount of $12,250.00 to be deducted from the proceeds of the sale of the house. One half of the net proceeds from the sale of the home-

stead of the parties after deducting the sum of $12,250.00 as provided above.

This is the same formula set forth in the stipulation—the $12,250 is taken "off the top" before the split.

The dissolution decree also ordered Ronald to pay child support of $400 per month through June, 1983, and $350 per month thereafter until the child reached 18 years in April, 1984. Temporary maintenance of $325 per month for 12 months was ordered. The trial court found, as was acknowledged, that Ronald made no payments on either support or maintenance. Although Ronald was unemployed for much of the period, he admitted to having had some income.

The trial court denied Ronald's motion for forgiveness of part of the arrears, and ordered his interest in the homestead decreased by the total amount of the arrears, $13,020.50. The court did not order a sale of the homestead, as requested by Ronald, but rather set that issue on for further hearing.

## ISSUES

1. Did the trial court err in modifying the property division?

2. Was the refusal to forgive or excuse part of the arrears an abuse of discretion?

## ANALYSIS

### 1. *Correction of the property division formula*

The motion to amend the decree was not brought until May, 1984, almost two years after the date of the judgment and decree. The motion was made pursuant to Minn. Stat. § 518.64, subd. 2 (1982), which states:

[A]ll divisions of real and personal property provided by section 518.58 shall be final, and may be revoked or modified only where the court finds the existence of conditions that justify reopening a judgment under the laws of this state.

Since the grounds for reopening the judgment was the alleged mistake in the formula, relief was not available under

Rule 60.02, which requires a motion within a year of the judgment for relief on grounds of mistake. Minn.R.Civ.P. 60.-02(1). The court based its order on Rule 60.01, providing for correction of clerical mistakes, and upon its inherent power to set aside a consent decree for mistake, fraud or absence of real consent. *See, Hafner v. Hafner,* 237 Minn. 424, 429, 54 N.W.2d 854, 857 (1952).

The trial court made the following finding:

> The dictation of the June 2, 1982, Stipulation at paragraphs 2 and 5, and the later embodiment of that Stipulation in the July 7, 1982, Decree at paragraphs IV and VI were in error as to the arithmetical method of accomplishing the intended equitable distribution of the property of the parties.

■ The stipulation, read into the record and approved by the Egges, does not state that the parties intended an equal division of the property. Nor was an equal division required by law. *Ruzic v. Ruzic,* 281 N.W.2d 502, 505 (Minn.1979). The affidavits of both Mary and her former counsel state that an equal division was intended. Ronald's affidavit contests the existence of any mistake in the stipulation, as does that of his former counsel. They do not provide any alternative explanation for the amount of the lien given to Mary, other than its being the result of lengthy negotiations between the parties.

■ Rule 60.01 provides relief from the following:

> [c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission * * *.

Although "clerical error" has been defined as an error of form made by the court itself, *Wilson v. City of Fergus Falls,* 181 Minn. 329, 332, 232 N.W. 322, 323 (1930) it need not exclude errors attributable to one of the parties drafting the order or judgment.

A distinction must be made, however, between a Rule 60.01 "clerical error" and a "mistake" furnishing grounds for relief under Rule 60.02(1), since the latter requires a motion within one year. As the Supreme Court has stated regarding the correction of a jury verdict,

> Great caution must therefore be exercised in granting relief for clerical error lest it become a shield behind which to conceal an attack upon the verdict itself.

*Bauer v. Kummer,* 244 Minn. 488, 492, 70 N.W.2d 273, 276 (1955). As has been noted,

> [Federal Rule 60(a)] deals solely with the correction of errors that properly may be described as clerical or as arising from oversight or omission. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.

11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2854 (1st ed. 1973).

■ The judgment and decree is entirely consistent with the stipulation read into the record. It is only when an assumption is made as to what the parties *intended* to stipulate to, that the decree becomes erroneous. For this, there is no objective reference. *See, Wilson v. City of Fergus Falls* (clerical mistake ordinarily "apparent upon the face of the record"). The alleged error in division of the sale proceeds is not arithmetic but rather formulaic, an error of the parties in expressing their basic intent.

Even if the assumption of intended equal division is correct, therefore, the presumed error in the stipulation and the judgment and decree is not clerical in nature. Rather, it is attorney error, and should be grounds for relief, if at all, only under Rule 60.02. *See, Hoffman v. Celebrezze,* 405 F.2d 833, 835 (8th Cir.1969) (attorney carelessness not grounds for relief under Rule 60(b)). Mary's former attorney himself read the stipulation into the record, and reviewed and revised the judgment and decree.

We note that the trial court's finding of error in the judgment is based on unsupported valuation figures from Mary alone. Thus, if one uses instead Ronald's pre-trial estimates, the original judgment is closer to achieving equality than the amended judgment.

The trial court also based its order amending the decree on the inherent power of the court to modify consent decrees. *Hafner v. Hafner; see also, Elsen v. State Farmers Mut. Ins. Co.*, 219 Minn. 315, 17 N.W.2d 652 (1945).

This reliance on the consent nature of the decree as an independent grounds for relief must be questioned following the court's discussion of *Hafner* in *Kiesow v. Kiesow*, 270 Minn. 374, 386, 387, 133 N.W.2d 652, 661 (1965). The court there noted the criticism of *Hafner*, 37 Minn.L. Rev. 395 (1953), and made it clear that the result in *Hafner* would be changed by the enactment of Minn.Stat. § 518.64, subd. 2, providing that "all divisions of real and personal property [in a dissolution decree] shall be final * * *." That statute has been amended to allow modification "where the court finds the existence of conditions that justify reopening a judgment under the laws of this state." *Id.* Respondent here, however, has not shown clerical error, Rule 60.01, nor brought a timely motion on Rule 60.02 grounds.

Although the court in *Elsen* held that relief from consent decrees is not bound by such time limitations, it did so on the grounds that the statute, which preceded the rule, relieved a party from *his* mistake, while error in a stipulated decree was *mutual* mistake. *See,* Minn.Stat. § 544.32 (1942) (repealed). Rule 60.02 does not qualify the "mistake" which will provide grounds for relief. Thus, as the note criticizing *Hafner* points out,

> Since Rule 60.02 thus applies to mistake of *any* party it would seem to embrace *mutual* as well as *unilateral* mistake, and with the basis for the *Elsen* decision no longer in existence, apparently Rule 60.02 will apply to all consent judgments, including property agreements in divorce

decrees, no matter what grounds for relief are advanced.

37 Minn.L.Rev. at 398 (emphasis in original).

■ The policy of finality in dissolution property awards is well-established. Minn. Stat. § 518.64, subd. 2; *Kerr v. Kerr*, 309 Minn. 124, 243 N.W.2d 313 (1976). It is subject only to the same conditions for relief as are applicable to final judgments generally. *Id.* The trial court's order for relief here is not based on claims of fraud or duress, but rather on ordinary attorney error in formulating a stipulation (and drafting the decree). Such error is not the clerical error covered by Rule 60.01, a fact not altered by the consent nature of the decree.

*2. Forgiveness of arrears*

■ Appellant moved the court for an order determining the arrearages of support and maintenance and "excusing [him] from paying an equitable portion of such arrearages." Although he purports to have brought this motion under Minn.Stat. § 518.64 subd. 2, allowing modifications which decrease support or maintenance to be made retroactive, the *only* effect here is retroactive, since the motion was not brought until Ronald's duty to pay ongoing support had ended.

Thus, appellant's motion is simply a motion to forgive arrears, addressed to the equitable powers of the court. The fact that Ronald had made *no* payments on either support or maintenance would argue strongly against finding that the trial court had abused its broad discretion in forgiving such arrears.

Even if Ronald's motion were within the terms of Minn.Stat. § 518.64, subd. 2, the lack of any payments whatever undermines his claim that the failure to pay was not willful, as required by the statute.

**DECISION**

The stipulated formula for division of the proceeds of sale of the homestead, if erroneous, was not clerical error justifying re-

lief under Rule 60.01. The trial court's refusal to forgive arrears of child support and maintenance was not an abuse of discretion.

Affirmed in part and reversed in part.