**In re the Marriage of Rose Marie JOHNSON, petitioner, Respondent,**

v.

**Curtiss JOHNSON, Appellant.**

No. C4-85-991.

Court of Appeals of Minnesota.

Dec. 24, 1985.

Joseph M. Boyle, International Falls, for respondent.

Ronald C. Vroom, Hallock, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

CRIPPEN, Judge.

When their marriage was dissolved in 1982, the parties stipulated to matters of child custody and support, property division, and maintenance. Appellant Curtiss Johnson, the dissolution case respondent, agreed to continue paying maintenance to Rose Johnson until the *respondent* died or remarried. Appellant remarried in 1985 and discontinued maintenance payments to his former spouse. Rose Johnson brought an action for a modification of the settlement agreement on the grounds of clerical error and mistake. The trial court ordered modification, and Curtiss Johnson appealed. We affirm.

## FACTS

The parties stipulated to a dissolution of their marriage in 1982 after 24 years of marriage. Rose Johnson's attorney drafted a settlement agreement for the parties. The agreement provided for the custody of the couple's children, payment of child support, and property distribution. The agreement also provided that "[t]he respondent [Curtiss Johnson, appellant here] shall pay to the petitioner the sum of * * * $800 per month, as and for spousal maintenance * * until the respondent dies or is remarried." The agreement was incorporated into a May 4, 1982, court order dissolving the parties' marriage. Thus, it appeared both from the agreement signed by the parties and the court order that Curtiss Johnson would pay his ex-wife $800 per month until Curtiss Johnson either died or remarried. In 1985, Curtiss Johnson remarried and immediately discontinued maintenance payments to his ex-wife, relying upon the provision in the settlement agreement. Rose Johnson commenced an action in county court for modification of the earlier court order and for continued maintenance payments to her by Curtiss Johnson. The trial court ordered the modification she sought, stating that "[t]he evidence presented to the Court is clear and convincing that petitioner, her attorney, and the Judge who presided at the trial all believed that maintenance was to be paid to the petitioner until her remarriage or her death." It was clear to the court that the parties intended that maintenance payments would cease upon Rose Johnson's death or remarriage, not appellant's. The court found the earlier contract to be void because there was no mutual understanding. The court also noted it had continuing jurisdiction over questions of child support and spousal maintenance.

The court found that respondent is still entitled to $800 per month maintenance until she dies or remarries. She is unemployed and was supported entirely by her husband during marriage. The dissolution judgment provided her with no income producing property, whereas appellant has a considerable income. In addition, during their marriage appellant deposited $1000 per month into respondent's checking account. He offered to continue that practice even after the parties' divorce. Appellant often told respondent, as he testified, that he would be paying her "$1000 a month forever."

Curtiss Johnson appeals the trial court's modification order.

## ISSUES

1. Did the dissolution agreement contain a clerical error that was properly corrected by the trial court?

2. Was there a mutual mistake such that the trial court could reform the document?

3. Did the trial court properly consider parol evidence when determining whether modification was proper?

## ANALYSIS

■ 1. Relief from a judgment or court order is controlled by the rules of civil procedure. *See* Minn.R.Civ.P. 60.01 (clerical error); 60.02 (mistakes, inadvertence, excusable neglect). Rule 60.01 provides in pertinent part:

Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Minn.R.Civ.P. 60.01 (1985). Rule 60.02 provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (other than a divorce decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect * * *. The motion shall be made within a reasonable time, and for reasons (1) * * * not more than one year after

the judgment, order, or proceeding was entered or taken.

Minn.R.Civ.P. 60.02. Appellant argues that the divorce decree could not have been modified under rule 60.02 because more than one year has passed since the judgment was entered. He argues that rule 60.01 was likewise inapposite because there was no "clerical error" involved as contemplated by the drafters of the rule. Appellant argues that any error in the divorce agreement was the error of an attorney, not clerical error, and thus does not fall within the purview of rule 60.01.

We have recently considered the distinction between rule 60.01 and rule 60.02. *See Egge v. Egge,* 361 N.W.2d 485 (Minn.Ct. App.1985). In *Egge,* the court considered whether a misstatement of a formula for distributing marital property was a rule 60.01 "clerical error" or a rule 60.02 mistake. The court found that "clerical error" is an error of form made by the court itself or error attributable to one of the parties in drafting the order or judgment. *Id.* at 488. The court determined when one rule or the other should apply as follows:

> [Rule 60.01] deals solely with the correction of errors that properly may be described as clerical or as arising from oversight or omission. Errors of a more substantial nature are to be corrected by a motion under [rule 60.02]. Thus a motion under [rule 60.01] can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.

*Id.* (quoting 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2854 (1st ed. 1973)).

■ We conclude that the erroneous drafting of the dissolution agreement was a rule 60.01 clerical error that was properly corrected by the trial court. As stated in *Egge,* "clerical error" includes drafting errors made by the parties. The erroneous substitution of the word "respondent" for word "petitioner" was caused by an oversight of the drafting party. This is evident in light of Curtiss Johnson's statements

that he expected to pay his former spouse "$1000 a month forever." It is also consistent with normal procedure, as indicated by statute. *See* Minn.Stat. § 518.64, subd. 3 (1984). Section 518.64, subd. 3 states in pertinent part:

> [T]he obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

*Id.* It is also consistent with the Minnesota Supreme Court's pronouncement of the principles of alimony:

> Alimony comprehends a definite sum payable for an indefinite period in the future, to terminate upon the death or remarriage of the wife, and, where circumstances warrant it, may be revised or modified.

*Mikkelsen v. Mikkelsen,* 286 Minn. 520, 522, 174 N.W.2d 241, 243 (1970).

The parties intended that maintenance payments would continue until Rose Johnson died or remarried. The attorney who drafted the agreement inadvertently provided that payments would cease upon the death or remarriage of Curtiss Johnson. Since the clerical error thwarted the intent of the parties, the court properly modified the agreement under rule 60.01.

■ Even if rule 60.01 is inapplicable in this case because the mistake cannot properly be called a clerical error, the trial court felt it could properly modify the award of maintenance made in the earlier court decree. *See* Minn.Stat. § 518.64. Under the statute, an award of maintenance may be modified if there is a substantially increased need of a party. *See id.,* § 518.64, subd. 2. Respondent has needs which are substantially greater than those met by the decree. The award could have been modified under section 518.64.

■ 2. A written instrument may be judicially reformed if:

> (1) there was a valid agreement between the parties expressing their real intentions; (2) the written instrument failed to express the real intentions of the parties; and (3) this failure was due

to a mutual mistake of the parties, or a unilateral mistake accompanied by fraud or inequitable conduct by the other party.

*Nichols v. Shelard National Bank,* 294 N.W.2d 730, 734 (Minn.1980). The purpose of judicial reformation of a written instrument is to give effect to the intention of the parties that was not expressed in the written instrument. *Nelson v. Vassenden,* 115 Minn. 1, 5, 131 N.W. 794, 795 (1911).

In this case the written agreement signed by the parties did not correctly express their intention. The parties both intended that Curtiss Johnson would pay maintenance until his former spouse died or remarried. It is evident there was a mutual mistake made in the signing of the document, and the trial court properly reformed the instrument.

3. Appellant argues that the trial court improperly considered parol evidence when determining what the parties had agreed to. The parol evidence rule prohibits the consideration of prior or contemporaneous utterances or writings other than the written instrument itself when determining the terms of the parties' agreement. *Karger v. Wangerin,* 230 Minn. 110, 114, 40 N.W.2d 846, 849 (1950). Parol evidence is admissible, however, to prove a mutual mistake of fact "and to show how the instrument should be corrected to reflect the actual intent of the parties thereto." *Rosen v. Westinghouse Electric Supply Co.,* 240 F.2d 488, 491 (8th Cir.1957). Because we have found that there was a mutual mistake of fact in this case, the court properly considered parol evidence in deciding to modify the dissolution stipulation.

### DECISION

The trial court properly corrected a clerical error contained in the dissolution agreement signed by the parties. Notwithstanding rule 60.01 of the Minnesota Rules of Civil Procedure, the trial court properly reformed the document because of mutual mistake. The trial court properly con-

sidered parol evidence in determining how to remedy the parties' mistake.

Affirmed.