**Lana Kay SOLBERG, petitioner, Appellant,**

v.

**Bjorn Hans SOLBERG, Respondent.**

No. CX–85–2003.

Court of Appeals of Minnesota.

March 4, 1986.

Robert M.A. Johnson, Anoka Co. Atty., Michael Alan Chmiel, Asst. Co. Atty., Anoka, for appellant.

Janet M. Erbland, Talle, Trimble & Oistad, Anoka, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an ancillary judgment ordering respondent to pay appellant child support arrearages. Appellant claims her mathematical error in calculation of support obligation led to an erroneous determination of arrearages and requests the ancillary judgment be vacated and amended judgment be entered. We remand for filing of proper motion.

## FACTS

Appellant Lana Kay Solberg and respondent Bjorn Hans Solberg were divorced in August 1981. Appellant was awarded custody of the parties' four then unemancipated children. Respondent was ordered to

pay as child support 40% of his net monthly income per month until emancipation of the youngest child.

Respondent failed to pay child support. In March 1985, appellant moved for a reduction of delinquent child support to judgment. At trial appellant argued:

MR. CHMIEL (appellant's counsel): I believe, then, that my final statement to the Court in regard to our motions for contempt of Court, perhaps, it would be best for me to address the judgment motion, first. If my calculations are correct, in 1983, Mr. Solberg had a gross income of $6,623, allowing twenty-five percent for State, Federal, social security tax, which would result in a net income in 1983 of $4,967; that forty percent would be the child support obligation or $1,986.90.

In 1984, he had a gross income of $9,092. Again, allowing twenty-five percent for taxes, would result in $6,819. Added to that was his unemployment compensation of $2,893 for a total net income in 1984 of $9,712, forty percent of which would be $3,884.80. Thus far, in 1985, his paycheck stub indicated a net income to June 1st, '85, of $8,661.44, forty percent of which would be $3,464.57. Those amounts total up to $5,336.27, subtracting payments that Mr. Solberg made from 1983 to the present, would result in a balance due of $4,711.12. I would ask that judgment be entered against Mr. Solberg in the name of Petitioner in that amount.

THE COURT: How much?

MR. CHMIEL: $4,711.12. That would cover arrearages from August 21, 1981, through June 1st, 1985.

Respondent's support obligations from 1983–1985 correctly totalled $9336.27, not $5336.27. Subtracting respondent's performed payments, total arrearages equalled $8711.12.

An off-the-record conference occurred at the end of proceedings. There the parties agreed respondent should be credited against arrearages for having physical custody of the oldest of three remaining unemancipated children. Instead of the requested $4711.12, the parties stipulated judgment would be entered for $3126.

The trial court later incorporated appellant's error and found:

That the respondent's child support obligation from July 1983 through June 1, 1985 would be $5,336.27 ($1,986.90 for the year 1983 plus $3,884.80 for the year 1984 plus $3,464.57 for the year 1985), that $625.15 has been paid during this time, leaving a balance of $4,711.12.

＊ ＊ ＊ ＊ ＊ ＊

That the parties agreed that judgment may be entered against the respondent in the name of the petitioner in the amount of $3,126.00, representing delinquent child support from August 21, 1981 through June 1, 1985, which reduction in arrearages takes into consideration that the minor child, Karl, resided with the respondent.

The July 31, 1985 ancillary judgment from which appeal is made states:

That the petitioner, Lana Kay Solberg, shall have Judgment against the respondent, Bjorn Hans Solberg, in the amount of $3,126.00 representing delinquent child support from August 21, 1981 through June 1, 1985.

Respondent subsequently moved for legal custody of the child living with him. At that hearing, before another trial judge, appellant orally moved to vacate the July 31, 1985 ancillary judgment, amend the July 26, 1985 order, and enter amended judgment in the amount of $7126. The motion was taken under advisement. Appellant subsequently filed this appeal.

## ISSUE

Can relief be provided on appeal from ancillary judgment where mathematical error affected stipulated child support arrearages calculation?

## ANALYSIS

1. Appellant admits her mathematical error in calculating child support arrearag-

es. She had claimed to the trial court respondent owed $5336.27 (based on annual obligations of $1986.90, $3884.80, and $3464.57) less $625.15 paid by respondent, totalling $4711.12. Respondent's annual obligations actually totalled $9336.27. Appellant does not dispute respondent paid $625.15 nor that the parties agreed to a $1585.12 credit because respondent had physical custody of one child. Appellant claims therefore child support arrearages properly total $7126 ($9336.27—$625.15—$1585.12).

2. Both parties argue the propriety of attacking the ancillary judgment by motion under Minn.R.Civ.P. 60.02. But we are not reviewing a rule 60.02 motion for relief. Appeal was made from the ancillary judgment.

On appeal from judgment, the Minnesota Supreme Court has given relief from mathematical errors at the trial court level. *See Servin v. Servin*, 345 N.W.2d 754, 758 (Minn.1984); *Wallace v. Tri-State Insurance Co.*, 302 N.W.2d 337, 341 (Minn.1980). Those cases involved clerical errors. *See* Minn.R.Civ.P. 60.01; 2A D. Herr & R. Haydock, *Minnesota Practice*, §§ 60.3–.5 (1985).

3. Here, more than clerical error is involved. It is not clear how the parties reached a stipulated agreement regarding an arrearages credit for physical custody by respondent. Had appellant correctly requested $8711.12 instead of $4711.12, perhaps a different credit amount or final judgment amount would have been negotiated. The parties' intent is not clear. Objective reference for relief no longer exists.

What may have begun as a clerical error became attorney error when an arrearages judgment was stipulated to by the parties. Ground for relief if available at all is properly obtained under rule 60.02. *See Egge v. Egge*, 361 N.W.2d 485, 488 (Minn.Ct.App. 1985).

During the pendency of this appeal, findings of fact, conclusions of law and order for judgment were filed regarding respondent's motion for legal custody. That trial court concluded:

That pursuant to Rule of Civil Procedure, Rule 60.02 the Anoka County Attorney may present the issue of the alleged error in the Order of July 26, 1985 upon appropriate notice of Motion and Motion.

We agree. Because a proper rule 60.02 motion decision is not before this court, we remand for filing of such written motion before the original trial court which is in a better position to evaluate the stipulation negotiations and determine whether a mistake in fact occurred.

## DECISION

This matter is remanded for filing of proper rule 60.02 motion before the original trial court.

Remanded.