WINTON HOLMGREN, A MINOR, BY HERBERT
HOLMGREN, HIS FATHER AND NATURAL GUARDIAN,
AND ANOTHER v. EDMUND HEISICK AND OTHERS.
NORTHWESTERN NATIONAL INSURANCE GROUP v.
EDMUND HEISICK AND ANOTHER.

178 N. W. (2d) 854.

June 26, 1970—Nos. 41367, 42205.

*Cragg & Bailly* and *David A. Bailly*, for appellants.

*Quinlivan, Williams, Johnson & Quinlivan,* for respondents Schmit and Northwestern National Insurance Group.

*Gordon Rosenmeier* and *John E. Simonett,* for respondent Holmgren.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

These appeals in two actions arising out of the same automobile accident were consolidated for hearing and decision in this court.

In the first action, involving personal injury claims brought on behalf of Winton Holmgren, defendant Edmund Heisick, individually, and as special administrator of the estate of Allan Heisick, appeals from the denial of his post-trial motion for judgment notwithstanding the verdict or a new trial. The basic issue raised on this appeal is whether the negligence of one of the drivers, David Schmit, was willful and wanton.

In the second action, involving a claim for contribution made by the insurer of the car Schmit was driving, defendant Heisick appeals from the judgment. The issues raised by this appeal are considerably more complex and will therefore be considered first. In this action, instituted by the Northwestern National Insur-

ance Group, an automobile liability insurance carrier, to recover $10,000 by way of contribution on account of the discharge of liability common to defendant Heisick, on the one hand, and plaintiff's insured, on the other, the trial court found in plaintiff's favor. In doing so, it disallowed entirely an offset asserted by defendant. The principal issue on the appeal is whether this disallowance of the offset was in accordance with law. While the issue for decision is precise enough, the factual background in which it occurs is complicated and requires an outline of facts concerning:

(1)   A collision which occurred on June 26, 1964, on a public highway in Anoka County between a car owned by Lawrence B. Schmit and a car owned by Edmund Heisick.

(2)   The coverage afforded by policies of automobile liability insurance on each of the vehicles involved—one issued by Northwestern National Life Insurance Group to Schmit, and the other by Milbank Mutual Insurance Company to Heisick.

(3)   Settlements made on December 14, 1964, whereby Northwestern, as insurer of the Schmit car, secured the release and discharge of three death claims arising out of the accident. Ten thousand dollars was paid on account of each death. It has since been established that two of these death claims constituted a common liability of the owners and operators of the two vehicles involved in the collision. *(These latter two settlement payments by Northwestern constitute the basis of its claim for relief in the contribution action.)*

(4)   A settlement in June 1968 of a judgment in the amount of approximately $86,000 which had been obtained on account of injuries sustained by Winton Holmgren, the only survivor of the collision, against both owners and the representatives of the estates of both drivers. Northwestern paid $20,000 in behalf of the owner and driver insured by it. Milbank paid $43,750 on behalf of the owner and driver insured by it. *(The disproportion between these payments in discharge of a joint and several liability constitutes the basis of the claimed offset.)*

(5)   A stipulation making the determination of the issues of causative negligence made in the action for damages instituted by Winton Holmgren against both owners and the representatives of both drivers binding in the action by Northwestern for contribution on account of the settlement of the death cases.

(6)   The trial court's disposition of the contribution action.

## (1)
### JUNE 26, 1964, ACCIDENT

On June 26, 1964, on a public highway in Anoka County, Minnesota, a head-on collision occurred between an automobile owned by Lawrence B. Schmit and operated with his permission and consent by his son, David Schmit, and an automobile owned by Edmund Heisick and operated with his permission and consent by his son, Allan Heisick. At the time of the collision, there were three passengers in the Heisick car: Van Heisick, Joseph Ord, and Winton Holmgren. Everyone was killed except Winton Holmgren, who survived notwithstanding serious personal injuries. The highway where the accident occurred (U. S. Highway No. 10) is a divided highway running in a general easterly and westerly direction with two eastbound lanes and two westbound lanes separated by a median strip. When the vehicles met head-on, the Schmit car was eastbound in the portion of the highway reserved for westbound traffic.

## (2)
### INSURANCE COVERAGE

The automobile liability insurance applicable to the Schmit car was a policy issued by Northwestern affording coverage for liability arising out of the maintenance, use, and operation of the vehicle, with limits of $25,000 on account of injury to any one person and $50,000 on account of any one accident.

The automobile liability insurance applicable to the Heisick car was a policy issued by Milbank affording coverage for liability arising out of the maintenance, use, and operation of the

vehicle, with limits of $50,000 on account of injury to any one person and $100,000 on account of any one accident.

From the outset, the insurers assumed the responsibility for the investigation, adjustment, settlement, and defense of any claims arising out of the accident for which persons insured by the respective policies could be held liable.

## (3)
### THE DECEMBER 14, 1964, SETTLEMENTS

On or about December 14, 1964, Northwestern, acting pursuant to the obligations of its insurance contract covering the Schmit car, secured releases and effected a discharge of any claims arising out of the described accident on account of the deaths of Allan Heisick, Van Heisick, and Joseph Ord. In each instance, the amount paid was $10,000. It is evident that the release of claims arising out of the death of Allan Heisick was not intended to and did not discharge a liability common to both drivers. Allan Heisick's next-of-kin had no claim which could be asserted against him or his estate. But claims for death by wrongful act on account of the deaths of Van Heisick and Joseph Ord, both passengers, could be asserted against the owners and drivers of both cars. Therefore, the $20,000 paid by Northwestern on behalf of the Schmits discharged a potential common liability of the owner and operator of the Heisick car. A release of one joint tortfeasor releases the other. Muggenburg v. Leighton, 240 Minn. 21, 60 N. W. (2d) 9. It is undisputed that these settlements gave rise to a good claim for contribution if there was common liability. The present contribution action was instituted by Northwestern on the theory that there was such a common liability.

## (4)
### THE HOLMGREN CLAIM

As stated, Winton Holmgren, the sole survivor of the accident, was seriously injured. No pretrial settlement of his claim was accomplished. Because Winton was a minor, Herbert Holmgren, his father and natural guardian, brought an action in Winton's

name for general damages and in his own name for special damages. Both of these claims constituted claims for injury to one person within the meaning of the policies of insurance of the type here involved.[1] The defendants in the Holmgren action were Edmund Heisick as owner of the Heisick car; Edmund Heisick as special administrator of the estate of Allan Heisick, the operator of the vehicle; Lawrence Schmit as the owner of the Schmit car; and the representative of the estate of David Schmit, the operator of the car. Milbank supplied the defense for Heisick; Northwestern supplied the defense for Lawrence Schmit individually, and as representative of David Schmit's estate. Cross-claims for contribution or indemnity were asserted as between the defendants. An issue raised by the cross-claims was whether the negligence of David Schmit was willful and wanton, so as to bar the claim for contribution or indemnity asserted by Lawrence Schmit. The jury, upon special interrogatories, found that the general damages sustained by Winton Holmgren were in the amount of $66,500, while the special damages were in the amount of $19,800. The jury found that the negligence of each driver concurred proximately to cause the accident and that David Schmit's negligence was not willful and wanton. The jury's verdict was returned November 17, 1966. By findings of fact, conclusions of law, and order for judgment dated May 17, 1967, the Honorable Robert Bakke confirmed the answers of the jury to the special interrogatories and ordered that judgment be entered in conformity with conclusions of law which found the defendants liable for the damages sustained by the plaintiff and entitled on account thereof to contribution each from the other. Judgment was entered accordingly. It is important to keep in mind that this judgment constituted a joint and several liability, each defendant being responsible to the plaintiff for the full amount of it,[2] but

---

[1] Holtz v. Mutual Serv. Cas. Co. 264 Minn. 121, 117 N. W. (2d) 767; Annotation, 13 A. L. R. (3d) 1228.

[2] Caldwell v. Piggly Wiggly Madison Co. 32 Wis. (2d) 447, 145 N. W. (2d) 745; Tucker v. Gautier, 196 Okla. 267, 164 P. (2d) 613; Prosser, Torts (3 ed.) § 42.

entitled as between Schmit, on the one hand, and Heisick, on the other, to contribution on a 50-50 basis.

Thereafter, on or about June 26, 1968, the judgment was settled and discharged by a total payment of $63,750, $20,000 of which was paid on behalf of the Schmit interests by Northwestern and $43,750 of which was paid on behalf of the Heisick interests by Milbank. Heisick's claim to a setoff in the contribution action is based upon the fact that the Holmgren judgment, constituting the joint and several liability of the Schmit interests on the one hand, and the Heisick interests on the other, was discharged under an arrangement whereby Milbank, acting in behalf of the Heisick interests, paid $23,750 more than Northwestern paid in behalf of the Schmit interests, giving a net claim for contribution as against Schmit and his insurer in the amount of $11,875, i. e., 50 percent of $23,750.

## (5)
### THE STIPULATION

The action by Northwestern against Edmund Heisick, individually, and as representative of the estate of Allan Heisick, for contribution in the amount of $10,000 was pending at the time the Holmgren action was tried. Northwestern was represented by the same attorneys who had been provided by Northwestern for the defense of the claims against the Schmit interests pursuant to the policy duty to defend. Heisick, as defendant in the contribution action, was represented by the attorneys provided by Milbank to defend their interests in the Holmgren action. It was agreed that the Holmgren action would proceed first and that the determination in that case of the issues of ordinary negligence and of willful and wanton negligence and of proximate cause would be binding on the parties in the contribution suit. It follows, therefore, (if these issues were properly submitted to the jury in the Holmgren case and its findings were justified by the evidence) that the case is one where the accident was caused proximately by the ordinary negligence of each of the drivers.

## (6)
### TRIAL COURT DECISION IN THE
### CONTRIBUTION ACTION

The contribution action by Northwestern and the claimed setoff asserted by Milbank through defendant Heisick was heard by the trial court without a jury. The following findings of fact, conclusions of law, and order for judgment were made:

### "AS FACTS
\* \* \* \* \*

"5. On 14 December 1964, following the accident and before commencement of Winton Holmgren's suit, Northwestern, on behalf of its insured Schmit, settled and paid the death claims for Joseph Ord and Van Heisick for $10,000 each, or a total of $20,000. (In addition, Northwestern paid $10,000 for the death claim of Allan Heisick, the driver.) The remaining $20,000 of aggregate coverage under Northwestern's policy was paid to Winton and Herbert Holmgren.

\* \* \* \* \*

"7. Milbank paid the Holmgrens $43,750 in settlement of their claims. \* \* \*

"8. The settlements made and amounts paid by Northwestern and Milbank for said death and personal injury claims were providently made and reasonable in amount.

"9. The real parties in interest on these claims for contribution are Northwestern National Insurance Group and Milbank Mutual Insurance Company.

### "AS CONCLUSIONS OF LAW
\* \* \* \* \*

"2. Defendants Edmund Heisick and Edmund Heisick, as special administrator of the estate of Allan Heisick, deceased, are entitled to judgment against defendants Lawrence B. Schmit and John Doe, as representative of the estate of David Schmit, in the amount of $11,875 with interest thereon from 22 May 1968 on their cross-claim for contribution in the Holmgren suit.

"3. Northwestern National Insurance Group is entitled to judgment for contribution against defendants Edmund Heisick and Edmund Heisick, as special administrator of the estate of Allan Heisick, deceased, in the amount of $10,000 with interest thereon from 14 December 1964, plus costs and disbursements.

"4. Defendants Heisick are not entitled to offset or recoup their claim of contribution herein for $11,875 from defendants Schmit against the claim of plaintiff Northwestern National Insurance Group for $10,000 against defendants Heisick."

In his memorandum, the trial court reasoned:

"Milbank is not entitled to contribution from Northwestern for $11,875 because Northwestern has exhausted its aggregate limits. Mutuality of interests, which is an essential requisite for setoff, is lacking. Northwestern, however, is entitled to $10,000 contribution from Milbank because Milbank has adequate unexhausted coverage. Milbank has saved $6,250 on its exposure to Holmgren and it still has another $50,000 unused coverage, which under the terms of its policy is available for just such claims as presented here by Northwestern. It should respond on behalf of its insured to pay $10,000 in contribution for settlement of the passenger death claims."

Judgment was entered pursuant to these findings of fact and conclusions of law, and the present appeal raises the question of whether the findings as made justified the trial court in disallowing the setoff in its entirety.[3]

## DECISION

Our decision in the contribution case rests in part upon the trial court's finding that the real parties in interest here are the Northwestern National Insurance Group, on the one hand, and Milbank Mutual Insurance Company, on the other.

We concur in the conclusion of the trial court that Northwest-

---

[3] Nelson v. Tripp, 264 Minn. 216, 118 N. W. (2d) 805; Solosky v. J. A. Johnson Co. 223 Minn. 390, 27 N. W. (2d) 282.

ern proved itself entitled to a contribution from defendants in the amount of $10,000 paid in settlement of the death-by-wrongful-act claims arising out of the deaths of the two passengers killed in the accident. It having been determined that there was a joint and several liability for the accident on the part of the respective drivers, with vicarious liability on the part of the respective owners, there was a liability imposed by law requiring Heisick or his insurer to pay a proportionate share of these provident settlements, i. e., $10,000.[4]

However, in our judgment, a setoff in the amount of $5,000 should have been allowed against Northwestern's claim on account of the $11,875 overpayment made by Milbank in settlement of the joint and several judgment entered in favor of the Holmgrens against defendants Heisick and Schmit. The full amount of this payment in excess of a 50-percent proportionate share would be an offset against the Schmits and against their insurer as well[5] except for this circumstance: The total exposure of Northwestern on account of the Holmgren injury was limited to $25,000 by the terms of the policy of insurance. There could be no offset against Northwestern in an amount which exceeded the difference between the $20,000 which it had paid on account of the Holmgren claim and this $25,000 limitation for damages arising out of injury to any one person.[6] It follows, therefore, that the offset was good against Northwestern but only to the extent of $5,000.

---

[4] Duluth, M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766.

[5] The estate of David Schmit was insolvent, so any contribution claims possessed by the Heisick-Milbank interests, in so far as they could be asserted only against the estate, would not constitute an effective setoff against Northwestern National's contribution claim. Since Lawrence B. Schmit is not a party to this contribution action, we do not reach the question of whether the Heisick-Milbank interests may assert their contribution claim against him.

[6] Holtz v. Mutual Serv. Cas. Co. supra; Eicher v. Universal Underwriters, 250 Minn. 7, 83 N. W. (2d) 895; Mannheimer Bros. v. The Kansas Cas. & Surety Co. 149 Minn. 482, 184 N. W. 189.

The trial court in disallowing the setoff reasoned the case as we have with this exception: It was his view that allowance of the setoff in any amount would impose upon Northwestern a burden greater than the limits of its policy as applied to the claims arising out of the accident of June 26, 1964. We think otherwise because in allowing Northwestern contribution in the amount of $10,000 minus a setoff in the amount of $5,000, the result so far as Northwestern is concerned, comes to this: It will have, in effect, paid $25,000 on account of the Holmgren personal injury claim—that is, the $20,000 contributed by it when the Holmgren judgment was settled and the $5,000 here allowed as a setoff against it in favor of the Heisick-Milbank interests based on the excessive burden of their $43,750 payment to the Holmgrens. Northwestern will have paid $10,000 on account of Allan Heisick's death-by-wrongful-act claim, to which it is entitled to nothing by way of contribution. It will have paid $10,000 on account of the Van Heisick and Joseph Ord death-by-wrongful-act claims, that is, the $20,000 paid initially less the $10,000 recouped in these proceedings subject to the offset. The net result is that it will have paid not more than $25,000 on account of any one injury and less than $50,000 on account of all claims arising out of this accident.

In support of denying the setoff entirely, it has been argued, in substance:

(1) There is no setoff assertable by Heisick (Milbank) as against Northwestern if Northwestern's policy limits of $25,000 for one injury were exhausted before the right of setoff was established.

(2) Northwestern's policy limits of $25,000 were exhausted before the setoff was asserted because: (a) It paid $20,000 on account of the Holmgren judgment; (b) it promised Holmgren to pay him an additional $5,000 *if* it succeeded in the present contribution suit; (c) treating that as done which was promised to be done, there was nothing left of the $25,000 policy limit to be applied to the offset.

We do not accept this reasoning because:

(1)  The right of Heisick (Milbank) to contribution from Schmit and his insurer, Northwestern, arose when it supplied more than its share of the total amount paid to satisfy the Holmgren judgment.

(2)  The claim of Holmgren to an additional $5,000 as against Northwestern was made expressly contingent upon the outcome of this contribution suit.

(3)  Heisick's (Milbank's) claim for contribution against Northwestern, being certain and prior in time to the claim of Holmgren to an additional $5,000 payment, must be given precedence on the principle that a claim prior in time is prior in right.

The remaining questions raised by the appeals require only brief comment. Although defendant Heisick contends that as a matter of law Allan Heisick was free from negligence and David Schmit was guilty of willful and wanton negligence, these issues were properly submitted to the jury. Moreover, although the adequacy of evidence to sustain the findings of negligence and of the absence of willful and wanton negligence in the Holmgren case (incorporated into the contribution case by virtue of the stipulation) are questioned, we feel that the appellant has failed to demonstrate that the findings of the jury as confirmed by the trial court lack adequate evidentiary support. Accordingly, the trial court in the Holmgren action properly concluded, on the basis of these findings, that defendants Heisick and Schmit are entitled to contribution but not indemnity from each other.

Interest on the contribution claim of Northwestern is allowable from November 17, 1966. It was on this day that the jury returned its verdict in the Holmgren action, answering special interrogatories to the effect that both Allan Heisick and David Schmit had been causally negligent and that Schmit's negligence had not been willful and wanton. The verdict in effect determined the common liability of the defendants, here categorized as the Heisick-Milbank interests, and the Schmit-Northwestern interests for Holmgren's personal injuries and, by agreement,

for the deaths of Van Heisick and Joseph Ord. Northwestern, having already settled the claims on account of the two deaths, was then entitled to contribution from the Heisick-Milbank interests, with interest from the date of the verdict.[7]

### CONCLUSION

Our decision is that Northwestern has established its entitlement to contribution in the amount of $10,000 on account of settlement of two of the death claims; Heisick has established an offset chargeable as against Northwestern National Insurance Group in the amount of $5,000. Northwestern is therefore entitled to judgment as against defendant Heisick to be paid by the Milbank Mutual Insurance Company in the amount of $5,000 together with interest thereon at the rate of 6 percent from November 17, 1966.

No. 41367 is affirmed; No. 42205 is affirmed in part and reversed in part. No costs or disbursements to either party.

---

[7] Minn. St. 549.09; Integrity Mutual Ins. Co. v. State Farm Mutual Ins. Co. 281 Minn. 78, 160 N. W. (2d) 557. But see, Annotation, 27 A. L. R. (2d) 1268.