Michael M. TRUCHINSKI, Appellant,

v.

Leo F. CASHMAN, Respondent.

No. 47128.

Supreme Court of Minnesota.

July 22, 1977.

Scholle & Scholle and Stephen G. Scholle, Minneapolis, for appellant.

Holm & Market and Gary H. Market, Minneapolis, for respondent.

Heard before ROGOSHESKE, PETERSON and SCOTT, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

Plaintiff, Michael M. Truchinski, appeals from a summary judgment dismissing his action against defendant, Leo F. Cashman, to recover damages caused by an alleged assault. Since we are persuaded that the trial judge improperly relied on findings rendered in a prior declaratory judgment action to collaterally estop the claims made by Truchinski in the present lawsuit, we reverse and remand for trial.

Truchinski commenced this action against Cashman to recover personal injury damages upon allegations that defendant "willfully, wantonly and maliciously, or negligently, assaulted" him. Three months later, Cashman's insurer, AID Insurance Company (Mutual), brought a declaratory judgment action alleging that it was not required to defend or indemnify Cashman against Truchinski's claim by reason of lack of timely notice from insured in addition to policy clauses excluding coverage for nonaccidental occurrences or intentional torts. The insurance company obtained an order staying trial of Truchinski's action pending resolution of the declaratory judgment action. Although Truchinski was joined with Cashman as a codefendant in the insurance company's complaint for declaratory relief, he intentionally elected to make no appearance in the action. Based upon the oral testimony of Cashman and a deposition of Truchinski taken during discovery, the trial court held that the insurance company had no contractual obligation either to defend or indemnify Cashman's alleged liability to Truchinski. This decision was predicated on a finding that, under either Truchinski's or Cashman's version of what occurred, Cashman's liability, if any, could only be based on an intentional assault and not on negligence.

After judgment was entered upon the trial court's findings and conclusions, the court granted Cashman's ex parte request for the following additional conclusion of law:

"a. The Court concludes that Cashman did not assault Truchinski and any bodily harm which may have been suffered by Truchinski was the result of reasonable self-defense efforts by Cashman in fending off the attack upon him by Truchinski." [1]

Relying on this amended finding, Cashman moved for summary judgment in this action, asserting that all issues of fact relevant to liability had been resolved adversely to Truchinski in the prior declaratory judgment action. The trial court subsequently granted the motion on the theory that Truchinski was collaterally estopped from relitigating the issue of Cashman's liability for the alleged assault. Truchinski now appeals from the summary judgment dismissing his claim.

Cashman maintains on appeal that a resolution of the liability issue on the merits was "necessary and indispensable" to a determination of the issue of insurance coverage litigated in the declaratory judgment action. Viewing the result of the declaratory judgment proceeding as favorable to him despite its denial of insurance coverage, Cashman seeks to use that decision as a bar to this action. But what this argument fails to take into account is that an insurer's obligation to defend does not depend upon the merits of the claim asserted against its insured. As we have previously held, "[w]here the allegations of a complaint state a cause of action within the terms of policy coverage, the insurance company must undertake to defend the insured." *Republic Vanguard Ins. Co. v. Buehl,* 295 Minn. 327, 332, 204 N.W.2d 426, 429 (1973). See, also, *Bituminous Casualty Corp. v. Bartlett,* Minn., 240 N.W.2d 310 (1976); *Christian v. Royal Insurance Co.,* 185 Minn. 180, 240 N.W. 365 (1932). Consistent with this viewpoint, Cashman's insurance policy specifically provided that if the allegations in the injured party's complaint constitute a claim within the policy coverage the company would defend its in-

1. Truchinski had no notice or knowledge of this amendment, nor was it inserted in the judgment previously entered.

sured even if the suit was "groundless, false or fraudulent." We also find, in reviewing the pleadings, that the issue of the merits of Truchinski's claim was never alleged by the insurer as a basis for a declaration that it was not required to defend or indemnify. Rather, it was the insurance company's position throughout the declaratory proceeding that regardless of which party was at fault there could be no coverage under the policy of insurance held by Cashman.[2]

The trial court in the declaratory judgment action was therefore simply required to determine whether or not the allegations made by Truchinski entitled Cashman to be defended or indemnified by his insurance company. While it is unnecessary for us to decide whether the court's findings of fact would support its conclusion of no coverage by the insurance company, there is no basis to support the amended conclusion which found that Cashman was not liable for Truchinski's injuries. Consequently, we are compelled to hold that the amended conclusion in the declaratory judgment action was a nullity as the issue of the merits of Truchinski's claim was neither raised nor litigated in the declaratory judgment action. It follows that the reliance placed on this conclusion to collaterally estop Truchinski was erroneous, and the summary judgment dismissing his claim must be reversed.

Although we are not confronted with the issue of whether or not the merits of a pending action for personal injury damages could be litigated in a declaratory judgment action to determine an insurer's obligation to defend and indemnify its insured, we express doubt that such litigation on the merits could be entertained without the consent and participation of the injured party and his right to a jury determination of disputed fact issues. It would seem that an insurer would find its position as a plaintiff and potential indemnitor both tactically hazardous and fraught with perplexing problems of conflicts of interest between it and its insured's legitimate interests. See,

*Employers' Fire Insurance Company v. Beals,* 103 R.I. 623, 240 A.2d 397 (1968); Note, 41 Ind.L.J. 87.

Reversed.

---

2. Cashman's answer to the insurer's complaint in the declaratory judgment proceeding surprisingly asserts a denial of the assault and a claim of self-defense. We are not persuaded that this answer, which was unresponsive to the allegations in the complaint, was sufficient to place the merits of Truchinski's claim in issue.