Terry Lee **GOULD**, Appellant,

v.

Breck **JOHNSON**, Respondent,

Daniel P. **McShane**, Respondent.

No. C1–85–1726.

Court of Appeals of Minnesota.

Jan. 7, 1986.

Review Denied Mar. 14, 1986.

Peter J. Coyle, Edina, for appellant, Gould.

Paul G. Donlin, St. Paul, for respondent, Johnson.

Howard L. Kaplan, St. Paul, for respondent, McShane.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and HUSPENI, JJ.

WOZNIAK, Judge.

Appellant Terry Lee Gould appeals from an order of the district court, Ramsey County, denying her motion to reopen her case. Appellant seeks to vacate a stipulation of dismissal with prejudice on grounds of clerical mistake pursuant to Minn.R. Civ.P. 60.01, or in the alternative on the grounds of mutual mistake, newly discovered evidence, fraud, or other grounds pursu-

ant to Minn.R.Civ.P. 60.02(1)–(3), (6). We affirm.

## FACTS

Gould brought suit against respondents Breck Johnson and Daniel McShane to recover for injuries she suffered in an automobile accident on September 29, 1979. At the time of the accident, Gould was a passenger in Johnson's car; McShane was driving the car that struck the Johnson car.

McShane tendered the defense of Gould's claim to his insurer, All Nation Insurance Company, which tendered the defense back to McShane on the grounds that McShane was uninsured on the date of the accident. All Nation sent Gould's attorney a copy of the letter it sent to McShane, explaining that McShane's short-term policy had lapsed due to McShane's failure to pay a premium on time.

On November 21, 1983, in reliance on the representation by All Nation that McShane was uninsured, Gould entered into a settlement agreement with Johnson, reserving on the record her right to file an uninsured motorist claim against her own insurer, Allstate Insurance Company. No mention of plaintiff's claim against McShane was made at that time. The stipulation of dismissal with prejudice entered into between Gould and Johnson recites the names of both Johnson and McShane in the caption and mistakenly refers to Johnson's attorney, Mr. Donlin, as "Attorney for Defendants," and thus on its face appears to dismiss all claims against both Johnson and McShane.

Gould, relying on the reservation of rights as to her uninsured motorist claim, made a demand upon Allstate for uninsured benefits in October and November of 1983. A formal demand for arbitration was filed on May 10, 1984.

Meanwhile, on September 9, 1983, the Minnesota Supreme Court held, in *Dairyland Insurance Co. v. Neuman*, 338 N.W.2d 37 (Minn.1983), that statutory cancellation procedures are required to terminate a short-term insurance policy and that, absent compliance with these procedures, coverage remains in effect even if the expiration date of the policy has expired. In January of 1985, All Nation notified Gould that, in light of the *Dairyland* decision, McShane was insured on the date of the accident.

Upon receiving notice that McShane was insured after all, Gould began negotiating with All Nation to settle her claims against McShane. Although All Nation initially advised Gould that it was reviewing her claims and apparently expressed a desire to settle, upon learning that a stipulation of dismissal had been filed, it refused to continue negotiations with Gould.

In May 1985, in an effort to stimulate All Nation to settle, Gould filed a motion entitled "motion to reopen case." McShane opposed the motion and denied any liability for Gould's claim. By this time, over a year had passed since Gould and Johnson entered into their stipulation of dismissal.

The trial court denied Gould's motion on August 6, 1985. The court stated in its memorandum that:

> there was no clerical mistake within the meaning of [Rule 60.01], inasmuch as the stipulation of dismissal was prepared by counsel for the respective parties, and was entered and filed pursuant to the stipulation of dismissal.
>
> Under Rule 60.02 a motion to reopen, based upon mistake, inadvertence, excusable neglect or newly discovered evidence must be made within reasonable time, and in any event within one year after date of the judgment, order, or proceeding was taken. The motion before the court was originally to be heard on June 4, 1985, and was not filed until May 16, 1985, more than one year after the case had been dismissed. Accordingly the Court finds that the motion is not timely.

Gould appeals from this order.

## ISSUES

1. Is an order denying a motion to set aside a stipulated settlement and revive an

action on the basis of Rules 60.01 or 60.02, Minn.R.Civ.P., an appealable order?

2. Did the trial court abuse its discretion in refusing to set aside the stipulation of dismissal on the grounds of clerical error under Minn.R.Civ.P. 60.01?

3. Did the trial court abuse its discretion in refusing to set aside the stipulation of dismissal on the grounds of mutual mistake, inadvertence, excusable neglect, newly discovered evidence, or other grounds under Minn.R.Civ.P. 60.02?

## ANALYSIS

■ 1. Gould appeals from the trial court's order denying her motion to set aside the stipulation of dismissal. Gould's motion is captioned "motion to reopen case." In her brief, appellant states that she seeks relief from the settlement agreement and the judgment of dismissal. An order denying a motion to set aside a judgment because of clerical error under Minn. R.Civ.P. 60.01 is not an appealable order under Minn.R.Civ.App.P. 103.03. *Cin v. Cin,* 372 N.W.2d 10, 12 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn.Sept. 19, 1985). The same rule applies to motions to set aside a judgment under rule 60.02. The general rule is that orders refusing to vacate judgments are not appealable. *Pederson v. Rose Cooperative Creamery Association,* 326 N.W.2d 657, 661 (Minn.1982); Minn.R.Civ.App.P. 103.03. The rationale for this rule is that "[w]here judicial error could have been remedied by an appeal from the judgment, the Rules understandably do not permit review of those errors by another method, such as an appeal from an order denying a motion to vacate a judgment." *Pederson,* 326 N.W.2d at 661.

Appellant's characterization of the trial court's order as one denying a motion to vacate a judgment of dismissal is incorrect, however. No judgment appears in the record in this case. Appellant is therefore appealing from an order denying a motion to set aside a stipulated settlement and revive her action. Such an order is appealable. *Favorite v. Minneapolis Street*

*Railway Co.,* 253 Minn. 136, 91 N.W.2d 459, 462 (1958).

■ 2. Settlement of disputes without litigation is highly favored and such settlements will not be lightly set aside by the courts. *Johnson v. St. Paul Insurance Companies,* 305 N.W.2d 571, 573 (Minn. 1981). The party seeking to avoid a settlement has the burden of showing sufficient grounds for its vacation. *Schoenfeld v. Buker,* 262 Minn. 122, 114 N.W.2d 560 (1962). The supreme court has held that "vacating a stipulation of settlement rests largely within the discretion of the trial court, and the court's action in that regard will not be reversed unless it be shown that the court acted in such an arbitrary manner as to frustrate justice." *Myers v. Fecker Co.,* 312 Minn. 469, 474, 252 N.W.2d 595, 599 (1977), *quoted in Johnson,* 305 N.W.2d at 573. Minn.R.Civ.P. 60.01 provides:

> Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

The Minnesota Supreme Court has defined "clerical mistake" as follows:

> Such a mistake ordinarily is *apparent upon the face of the record* and capable of being corrected by reference to the record only. It is usually a mistake in the clerical work of transcribing the particular record. It is usually one of form. It may be made by a clerk, by counsel, or by the court. A clerical error in reference to an order for judgment or judgment, as regards correction, includes one made by the court which cannot reasonably be attributed to the exercise of judicial consideration or discretion.

*Wilson v. City of Fergus Falls,* 181 Minn. 329, 332, 232 N.W. 322, 323 (1930).

A distinction must be made between a "clerical mistake" under rule 60.01 and a "mistake" under rule 60.02. According to Wright and Miller:

> [Fed.R.Civ.P. 60(a)] deals solely with the correction of errors that properly

may be described as clerical or as arising from oversight or omission. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). *Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.*

11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2854 (1st ed. 1973) (emphasis added).

Here, the alleged clerical mistake is not "apparent upon the face of the record." *Wilson,* 181 Minn. at 332, 232 N.W.2d at 323. The transcript of the settlement hearing indicates that Gould intended only to release Johnson and to preserve her uninsured motorist claim against Allstate, her insurer. There is no mention of Gould's claim against McShane in the transcript. The stipulation of dismissal is consistent on its face. The caption sets forth the names of both defendants, Johnson and McShane. It is signed by counsel for both parties, with Mr. Donlin, attorney for Johnson, signing as "attorney for defendants." It is true that there is an error in listing Mr. Donlin as attorney for both defendants. The real error in the stipulation is substantive, however, and is not a clerical mistake within the meaning of rule 60.01. The real error lies in Gould's execution of a dismissal of all claims with prejudice without reserving her rights against McShane. It is well-settled in Minnesota that the release of one joint tortfeasor releases the other. *Holmgren v. Heisick,* 287 Minn. 386, 391, 178 N.W.2d 854, 858 (1970). Gould could have preserved her action against McShane by execution of a Pierringer release. *See Frey v. Snelgrove,* 269 N.W.2d 918 (Minn. 1978); *Pierringer v. Hoger,* 21 Wis.2d 182, 124 N.W.2d 106 (1963). She did not do so.

It is only when an assumption is made as to what the parties intended that the error in the document becomes apparent. Such an error is not clerical in nature. It is attorney error and should be grounds for relief, if at all, under rule 60.02. *See Egge*

*v. Egge,* 361 N.W.2d 485, 488 (Minn.Ct.App. 1985).

<span style="background:black">   </span> 3. Rule 60.02 provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (other than a divorce decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.03; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party * * *. *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.*

(Emphasis added.) Here, the stipulation of dismissal was filed on March 12, 1984. All Nation informed Gould in January of 1985 that McShane was insured on the date of the accident. Gould's motion to set aside the stipulation of dismissal was filed on May 15, 1985. Because the motion was not made within one year of the stipulation of dismissal, no relief is available to Gould under rule 60.02.

Gould argues that equitable estoppel should be applied to toll the one-year limitation. McShane argues that the estoppel argument was not raised before the trial court, and that Gould is therefore not entitled to raise it for the first time on appeal. Gould's counsel contends that he argued all of the elements of estoppel to the trial court, without actually using the term "equitable estoppel." Because we hold that the elements of equitable estoppel do not apply in this case, it is unnecessary to reach this issue.

Gould argues that McShane should be equitably estopped from relying on the one-year limitation because the stipulation of dismissal was entered into on the assumption that McShane was uninsured and be-

cause, once it was discovered that McShane was in fact insured, All Nation made a "pretense of negotiation" until the one year had run. This argument is not supported by the facts.

■ In order for equitable estoppel to apply, there must be a misrepresentation or concealment of material fact by the party to be estopped. *Lunning v. Land O'Lakes*, 303 N.W.2d 452, 457 (Minn.1980). There is no showing of such misrepresentation or concealment here. When All Nation informed McShane and Gould's attorney on May 5, 1983 that it considered McShane uninsured, it did so on the basis of the law at that time. In its letter to McShane denying coverage, a copy of which was sent to Gould's attorney, All Nation stated the grounds for its denial of coverage, attached a declaration sheet indicating that the policy was a one-month policy and that coverage was in effect until September 22, 1979, a copy of the lapse notice and offer to reinstate, a copy of McShane's premium notice and McShane's letter making payment of the premium postmarked October 4, 1979, and a declaration sheet indicating coverage to be back in effect on October 5, 1979. Thus, when the supreme court decided the *Dairyland* case on September 9, 1983, Gould's counsel was on notice that this case fit the facts of *Dairyland* and that coverage was in effect. In January of 1985, after Gould filed a demand for arbitration with her own insurer, All Nation informed Gould's counsel that, in light of *Dairyland*, McShane was in fact insured on the date of the accident. At this time, Gould still had approximately two months to bring a rule 60.02 motion within the one-year limit. This conduct by All Nation does not amount to misrepresentation or concealment of a material fact.

A similar fact situation was presented to the supreme court in *Johnson* where the parties entered into a settlement of an uninsured motorist claim arising out of a hit-and-run accident, and executed a release of the defendant insurers from all further liability. During the settlement negotia-

tions, all parties believed that the maximum available coverage under the uninsured motorist provision of the subject policy was $100,000. After the settlement was approved and the release executed, the Minnesota Supreme Court issued a decision allowing stacking of uninsured motorist coverages.[1] When the plaintiff learned of the possibility of stacking coverages, she commenced an action to vacate the settlement and set aside the releases on the grounds of mutual mistake and misrepresentation under rule 60.02. The supreme court held that there was not mistake or misrepresentation:

> As there was no fraud, no misrepresentations, nor mistake of fact, and as the parties had equal means of ascertaining what their respective rights were, the courts must uphold any compromise of such rights, "although a judicial decision should afterwards be made showing that these rights were different from what they supposed them to be, or showing that one of them really had no rights at all, and so nothing to forego."

305 N.W.2d at 574 (quoting *Hall v. Wheeler*, 37 Minn. 522, 523, 35 N.W. 377 (1887)).

At best, it can be argued that All Nation should have informed Gould earlier that McShane was insured. But even assuming that All Nation's delay constituted misrepresentation or concealment, Gould is still not entitled to equitable estoppel because of the lack of reasonable reliance on her part.

■ A party seeking to assert the doctrine of equitable estoppel must show reasonable reliance on the misrepresentations of another, and must act upon those misrepresentations in such a manner as to change her position for the worse. *Lunning*, 303 N.W.2d at 457; *Dain Bosworth Inc. v. Goetze*, 374 N.W.2d 467, 472 (Minn. Ct.App.1985). Gould alleges that it was never the parties' intent to release McShane. The alleged error at issue here—the signing of the stipulation releasing both Johnson and McShane—was thus

1. *Van Tassel v. Horace Mann Insurance Co.*, 296     Minn. 181, 207 N.W.2d 348 (1973).

not made in reliance on the assumption that McShane was uninsured. The action of Gould's counsel in signing the stipulation, when he had no intent to release McShane, cannot constitute reasonable reliance.

Gould also argues that she is entitled to relief under rule 60.02(6), which provides that a judgment or other proceeding may be vacated for "any other reason justifying relief from the operation of the judgment." Subdivision 6 is a residual clause designed to cover any unforeseen contingency and it is exclusive of clauses (1) through (5). *Anderson v. Anderson*, 288 Minn. 514, 518, 179 N.W.2d 718, 722 (1970). A motion for relief under rule 60.02(6) must be made within a reasonable time, and not necessarily within one year after entry of the judgment or proceeding. Minn.R.Civ.P. 60.02.

■ Here, the facts do not justify relief under subdivision 60.02(6). The signing of the stipulation releasing McShane, when it was never the parties' intent to do so, was the result of error on the part of counsel for Gould and Johnson. The eighth circuit has held that carelessness on the part of an attorney will not provide grounds for relief under Fed.R.Civ.P. 60(b). *Hoffman v. Celebrezze*, 405 F.2d 833 (8th Cir.1969), *cited in Egge*, 361 N.W.2d at 488.

## DECISION

1. The trial court's order denying appellant's motion to set aside the stipulated settlement and revive her action is an appealable order.

2. The trial court did not abuse its discretion in refusing to set aside the stipulation of dismissal on the grounds of clerical mistake under Minn.R.Civ.P. 60.01.

3. The trial court did not abuse its discretion in refusing to set aside the stipulation of dismissal on the grounds of mutual mistake, inadvertence, excusable neglect, newly discovered evidence, or other grounds under Minn.R.Civ.P. 60.02.

Affirmed.