**Jeffrey M. DENIKE, Respondent,**

v.

**WESTERN NATIONAL MUTUAL INSURANCE COMPANY, Appellant.**

**No. C9–91–171.**

Court of Appeals of Minnesota.

Aug. 6, 1991.

Jon G. Trangsrud, Kurtis A. Greenley, and Charles R. Weaver, Lindquist & Vennum, Minneapolis, for respondent.

James T. Martin, Gislason, Martin & Varpness, P.A., Edina, for appellant.

Considered and decided by RANDALL, P.J., and LANSING and NORTON, JJ.

## OPINION

NORTON, Judge.

This is an appeal from a judgment for respondent, Jeffrey M. Denike (Denike) declaring that appellant, Western National Mutual Insurance Company (Western National) had a duty to defend Denike in a lawsuit brought against him as a result of an accident involving his automobile insured by Western National.

## FACTS

In July 1984, Denike loaned his automobile to St. Luke's Lutheran Church. Denike characterized to Western National the loan of his automobile as follows:

I own a 1978 Chevrolet Suburban. I work with Jack Hare who is a friend of the youth pastor at St. Luke's Lutheran Church. Jack has no official function at that church. He's just a member. Somewhere around July 17, 1984, Jack asked me if I'd be willing to rent my Suburban to the church for a week so they could transport youth to Kentucky to work on the Appalachia Mountain Project. He asked me what I'd want to rent it. I had never rented it out before so I had no idea what to ask. My payments are $161.35 so I said, "how about $175?" A day or so later he came back and said $250 was more realistic. Around July 19 I got a check from the parish for $250.00. I didn't sign any formal agreement or have any discussion with anyone from the church regarding insurance. Jack didn't either. It was all very informal. I was really renting it as a favor and not really to make money. I had never rented it before to anyone. I had never advertised to rent it and never really intended to rent it.

On July 23, 1984, when Denike's automobile was in the possession of the church in Kentucky, a church member driving the automobile caused a collision which resulted in injuries to one of the passengers. The injured passenger commenced an action against St. Luke's Lutheran Church, which served Denike with a third party complaint on December 18, 1986. The next day, Denike forwarded the third party complaint to Western National for defense of the third party action.

Following Western National's refusal to defend and denial of coverage, Denike retained private counsel for his defense in the liability action. Denike then initiated a declaratory judgment action for a determination of Western National's duty to defend and insurance coverage in the liability claim. In February 1987, a settlement was reached in the underlying liability action where no judgment or contribution to the settlement was entered against Denike.

After the settlement in the liability lawsuit, the parties unsuccessfully tried to reach a settlement regarding attorney fees and costs in defending the underlying liability action. Thereafter, both parties made summary judgment motions to the trial court. The trial court granted summary judgment for Denike on the duty to defend issue, summary judgment for Western National on the issue of insurance coverage for the underlying liability claim, attorney fees and costs on the underlying liability action to Denike, and costs and disbursements to Western National as the prevailing party in the declaratory judgment action. On May 16, 1990, judgment was entered without any specified amounts for attorney fees and costs.

Subsequently, Denike made a motion to vacate the judgment and enter the amount of his judgment. Denike argued in his motion that as the trial court found a duty to defend on the part of Western National, Denike was entitled to attorney fees in bringing the declaratory judgment action. Denike did not challenge the trial court's determination that there was no coverage for him in respect to the underlying liability claim.

The trial court vacated its prior judgment and on November 14, 1990, entered judgment in favor of Denike awarding attorney fees and costs for his defense in the underlying liability action and the declaratory judgment action.

## ISSUES

1. Did the trial court err in vacating the May 16, 1990 judgment under rule 60.01?

2. Did the trial court err in finding that Western National had a duty to defend under Denike's insurance policy?

3. Is the trial court's November 14, 1990 judgment invalid?

4. Is Denike entitled to attorney fees on appeal?

## ANALYSIS

### I.

Western National argues that the trial court erred in vacating the May 16 judgment under Minn.R.Civ.P. 60.01. Respondent argues that the trial court had authority to revise the judgment under Minn.R.Civ.P. 54.02. We agree that the judgment cannot be vacated under rule 60.01 but can be revised under Minn. R.Civ.P. 54.02.

> Rule 60.01 states in pertinent part that: Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time * * * on the motion of any party.

Minn.R.Civ.P. 60.01. In this case, the trial court did not correct a clerical mistake. The trial court changed the prevailing party from Western National to Denike. Rule 60.01 is not used to state something other than what was originally pronounced. *Gould v. Johnson*, 379 N.W.2d 643, 647 (Minn.App.1986), *pet. for rev. denied* (Minn. Mar. 14, 1986).

However, the May 16 judgment was subject to revision under rule 54.02 which states in pertinent part:

> When multiple claims for relief * * * are involved in an action, the court may di-

rect the entry of a final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims * * * and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims.

 In the May 16 judgment, the trial court did not specify the amount of attorney fees, costs and disbursements awarded to Western National. Therefore, the action was not terminated because not all claims were adjudicated. *See American Family Mut. Ins. Co. v. Peterson*, 380 N.W.2d 495, 497 (Minn.1986) (original judgment reserving for later consideration the actual award of attorney fees is not final without the language of rule 54.02) *rev'd after remand on other grounds*, 405 N.W.2d 418 (Minn. 1987); *Strand v. Illinois Farmers Ins. Co.*, 429 N.W.2d 266, 269 (Minn.App.1988) (judgment which only stated that a party was entitled to benefits but did not specify an amount to be paid was not a final judgment absent language of rule 54.02). The trial court did not make an express determination that there is no just reason for delay and did not direct entry of final judgment as required by rule 54.02 when fewer than all the claims are adjudicated. Therefore, the trial court could revise the May 16 judgment pursuant to 54.02.

## II.

On appeal from a summary judgment, the reviewing court determines whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). The reviewing court must take a view most favorable to the party against whom the motion was granted. *Hamilton v. Independent School Dist. No. 114*, 355 N.W.2d 182, 184 (Minn.App.1984).

 The duty to defend under an insurance policy is broader in scope than the duty to indemnify. *Senger v. Minnesota Lawyers Mut. Ins. Co.*, 415 N.W.2d 364, 369 (Minn.App.1987), *pet. for rev. denied* (Minn. Feb. 12, 1988). The insurer's duty to defend does not depend on the merits of the underlying claim against the insured. *Truchinski v. Cashman*, 257 N.W.2d 286, 287 (Minn.1977). If any part of a cause of action against the insured arguably falls within the scope of the insurance coverage, either on the face of the complaint or from facts known to the insurer, the insurer must defend all claims. *Id.* Nevertheless, an insurer has no duty to defend a complaint alleging a cause of action within policy coverage if facts outside the complaint are such that any liability resulting from the cause of action would be excluded from coverage. *Lanoue v. Fireman's Fund Am. Ins. Co.*, 278 N.W.2d 49, 52 (Minn.1979). Any ambiguity is resolved in favor of the insured, and the burden is on the insurer to prove that a claim falls outside the insurance policy coverage. *Prahm v. Rupp Constr. Co.*, 277 N.W.2d 389, 390 (Minn.1979).

Based on facts outside the complaint, Western National denied a duty to defend Denike in the underlying liability cause of action. Following the accident, Denike made a written statement to Western National that he rented his automobile to St. Luke's Lutheran Church. Western National argues that Denike's statement places the claim within the plain language of the exclusions to coverage in his insurance policy. The pertinent policy provision states that it does not provide liability coverage:

> For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee.

 Denike's intent is a factor in determining whether he allowed his automobile to be used to carry persons for a fee. *See Peterson v. Marlowe*, 264 N.W.2d 133, 136 (Minn.1978) (intent of parties was a factor in determining whether there was a rental

arrangement excluding automobile from insurance coverage). Denike's written statement to Western National raises a question as to whether he actually intended to have the church pay him to use his automobile. That is, whether Denike intended the church to pay him a fee to carry persons in his automobile. Although he did allow his automobile to carry persons and he did receive money, Denike states that he never intended to rent it. He "rented" his automobile as a favor and did not intend to make money. Therefore, there is ambiguity as to whether Denike allowed his automobile to be used to carry persons for a fee or gratuitously loaned it without intent to receive a fee for the carrying of persons.

■ It is unclear whether Denike actually used his vehicle to carry persons for a fee within his automobile insurance policy exclusion. While Denike states that he "rented" his automobile to the church, it appears that his intent was not to earn a fee. Denike's ambiguous statement is insufficient to show the claim falls outside the coverage. Because any ambiguity is resolved in favor of the insured, Western National was obligated to defend Denike in the underlying liability action.

### III.

Western National argues that the November 14 judgment is invalid because it does not include the trial court's disposition of the insurance coverage issue resolved in the May 16 judgment. We decline to reach this issue because the trial court in its May 16 judgment found in favor of Western National on the coverage issue, Denike has not filed a notice of review, and the issue is moot as no judgment or contribution to the settlement was entered against Denike for the underlying liability claim.

### IV.

■ Attorney fees may be awarded on appeal to an insured who prevails in a declaratory judgment action against an insurer to defend the insured. *Folk v. Home Mut. Ins. Co.*, 368 N.W.2d 305, 308 (Minn. App.1985), *pet. for rev. denied* (Minn. Aug.

20, 1985). As Denike has prevailed, he is entitled to fees. Within ten days of the filing of this opinion, Denike shall serve and file an affidavit specifying the fees requested for appeal. Western National shall have ten days to respond to Denike's affidavit.

### DECISION

The trial court did not err in finding that Western National had a duty to defend Denike in the underlying liability action and thereby Denike is entitled to attorney fees and costs for his defense in the underlying liability action. Denike is also entitled to attorney fees at the trial court and on appeal for the declaratory judgment action.

Affirmed.

LANSING, J., concurs specially and files an opinion.

LANSING, Judge (concurring specially).

I concur in the majority opinion. Although the issue is close, I believe the facts adequately support the trial court's decision that the insurer's duty to defend extended to a liability claim arising from use of the insured's vehicle during a one-time loan to the insured's church. The $250 payment from the church, in these limited circumstances, more nearly reflects the insured's costs or loss of use rather than operation of a vehicle "to carry persons or property for a fee." The policy arguably excludes coverage only when property or persons are transported for a specific fee, and the record does not indicate that the church youth themselves were charged a fee for transport to the Appalachia Mountain Project.