**In re the Marriage of Linda Sue BRAZINSKY, Respondent,**

v.

**Scott John BRAZINSKY, Appellant.**

**No. C0–99–1954.**

Court of Appeals of Minnesota.

May 30, 2000.

Linda Sue Brazinsky, Coon Rapids, pro se respondent.

Daniel M. Fiskum, Olson, Usset & Weingarden, P.L.L.P., Minneapolis, for appellant.

Considered and decided by TOUSSAINT, Chief Judge, PETERSON, Judge, and FOLEY,* Judge.

## OPINION

PETERSON, Judge

This appeal is from two orders issued by a child support magistrate. The first order denied respondent mother's motion to modify child support and dismissed with prejudice appellant father's motion for reimbursement of child support overpayments. After the magistrate issued the first order, mother filed a motion for review. Father argued that the motion for review should be dismissed because it was not properly served. The child support magistrate did not determine whether the motion should be dismissed for improper service. Instead, the magistrate determined that she had jurisdiction, on her own motion, to amend a clerical error in the first order and issued a second order, which modified child support. Father argues on appeal that (1) in the second order, the child support magistrate improperly used her authority to correct clerical errors to make a substantive amendment to the first order and (2) in the first order, the child support magistrate erred by dismissing with prejudice his motion for reimbursement of child support overpayments. We vacate the second order and reverse in part and remand the first order.

## FACTS

The marriage of appellant-father Scott John Brazinsky and respondent-mother Linda Sue Brazinsky was dissolved in 1996. The parties were awarded joint legal custody of their minor child and mother was awarded sole physical custody. Father's monthly child support obligation was set at $461.75, plus 29.3% of mother's education-related and work-related daycare costs. Mother was required to maintain health and dental insurance for the child through her employer, and the parties were required to equally divide the child's unreimbursed medical, hospitalization, dental, optical, orthodontic and copayment expenses. Mother was also permitted to claim the income tax dependency exemption for the child.

In May 1999, mother moved to modify the judgment provision that required her

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

to provide and pay for the child's medical and dental insurance because the cost of the insurance had risen. Father filed a counter-motion requesting, among other things, that mother be required to disclose and document all work-related and education-related daycare costs incurred by mother and to reimburse father $1,836 for work-related daycare expenses that father had paid based on mother's allegedly misleading statements.

Following a hearing, the child support magistrate found that the cost of the child's medical and dental insurance had risen from $54.00 per month to $87.50 per month. Based on this finding, the magistrate concluded in a July 9, 1999, order that mother failed to demonstrate a substantial change in circumstances that rendered the current apportionment of insurance costs unreasonable and unfair pursuant to Minn.Stat. § 518.64, subd. 2(a)(5) (1998), and denied mother's motion. The magistrate also dismissed with prejudice father's motion to compel mother to disclose her work-related child care costs and to reimburse father for $1,836 in work-related child care payments made by father.

Mother filed a motion for review of the July 9 order, arguing in part that the child support magistrate incorrectly found that mother's cost for the child's medical and dental insurance coverage was $87.50 per month, when it was actually $87.50 per pay period, which was $175.00 per month. Father argued that mother's motion should be dismissed because she improperly served the motion on him, rather than on his attorney, in violation of Minn. R. Gen. Pract. 355.01, subd. 3.[1]

The child support magistrate did not determine whether mother had improperly served the motion for review. Instead, in a September 17, 1999, order, the magistrate stated:

> Even if [mother's] motion was improperly served on [father] and not his attorney, the Child Support Magistrate, on her own motion, has jurisdiction to amend a clerical error pursuant to the Interim Expedited Child Support Process Rules 21.01, subd. 1.[2]

The magistrate found that the July 9 order incorrectly stated that mother's cost for the child's medical and dental care was $87.50 per month, when the cost was $87.50 per pay period, which equaled $175.00 per month. Based on this finding, the magistrate found that mother had demonstrated a substantial change of circumstances that rendered the current child support order unreasonable and unfair and modified the original child support provision to require each party to pay $87.50 per month for the child's medical and dental insurance.

## ISSUES

1. Did the child support magistrate properly use her authority under Minn. R. Gen. Pract. 371.01, subdivision 1, to correct a clerical error in the first order?

2. Did the child support magistrate err by dismissing with prejudice father's motion for reimbursement of childcare overpayments?

## ANALYSIS

### Standard of Review

■ The Interim Expedited Child Support Process Rules govern the procedure for all proceedings conducted in the expedited child support process, regardless of whether the pre-

---

1. The Interim Expedited Child Support Process Rules, which were adopted as a separate set of rules by order of the Minnesota Supreme Court dated June 23, 1999, applied to this proceeding when it was before the child support magistrate. Those rules were relocated to rules 351 to 375 of the General Rules of Practice for the District Courts, by order of the Minnesota Supreme Court dated December 17, 1999.

2. The rule referred to by the child support magistrate is now Minn. R. Gen. Pract. 371.01, subd. 1.

siding officer is a child support magistrate, family court referee, or district court judge.

Minn. R. Gen. Pract. 351.01. As the presiding officer in an expedited child support process proceeding, a child support magistrate has authority to establish, modify, and enforce child support. *See id.* 351.03, subd. 1 (proceedings to establish, modify, and enforce child support in IV–D case must be conducted in expedited child support process), 360.02 (child support magistrates have powers and duties necessary to perform their role in expedited child support process). The authority of a child support magistrate with respect to establishing, modifying, and enforcing child support in the expedited child support process is comparable to the authority of a district court judge to establish, modify, and enforce child support in a proceeding conducted outside the expedited child support process. Therefore, when reviewing a child support magistrate's order in an expedited child support process proceeding, we will apply the same standard of review that we would apply to the order if it had been issued by a district court judge in a proceeding conducted outside the expedited child support process.

 A reviewing court is not bound by and need not defer to a district court's decision on a legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). Questions of civil procedure are issues of law upon which this court owes no deference to the district court's decision. *Carter v. Anderson,* 554 N.W.2d 110, 112 (Minn.App.1996), *review denied* (Minn. Dec. 23, 1996).

## 1. Clerical Error

Father argues that the magistrate committed a legal error when, under the guise of correcting a clerical error, she made significant new findings of fact and conclusions of law and reversed the July 9 order. Father contends that the erroneous finding that insurance for the child cost $87.50 per month was not a clerical error within the scope of Minn. R. Gen. Pract. 371.01, subd. 1. We agree.

Rule 371.01, subdivision 1, provides:

Clerical mistakes, typographical errors, and errors in mathematical calculations in orders, judgments, or other parts of the record arising from oversight or omission may be corrected by the child support magistrate at any time upon the magistrate's own initiative or upon motion of any party after notice to all parties.

There is no caselaw interpreting this rule. However, the language of the rule is similar to Minn. R. Civ. P. 60.01, which provides:

Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time upon its own initiative or on the motion of any party and after such notice, if any, as the court orders.

For purposes of Minn. R. Civ. P. 60.01, the Minnesota Supreme Court has described a "clerical mistake" as follows:

Such a mistake ordinarily is apparent upon the face of the record and capable of being corrected by reference to the record only. It is usually a mistake in the clerical work of transcribing the particular record. It is usually one of form. It may be made by a clerk, by counsel, or by the court. A clerical error in reference to an order for judgment or judgment, as regards correction, includes one made by the court which cannot reasonably be attributed to the exercise of judicial consideration or discretion.

*Wilson v. City of Fergus Falls,* 181 Minn. 329, 332, 232 N.W. 322, 323 (1930); *see also Gould v. Johnson,* 379 N.W.2d 643, 646–47 (Minn.App.1986) (applying *Wilson* definition in construing Minn. R. Civ. P. 60.01), *review denied* (Minn. Mar. 14, 1986).

In *Wilson*, the supreme court concluded that a trial court could not correct an error upon its own motion if the error was judicial, not clerical. 181 Minn. at 332, 232 N.W. at 324. Also, in *Gould*, this court explained that "[a] distinction must be made between a 'clerical mistake' under rule 60.01 and a 'mistake' under rule 60.02." 379 N.W.2d at 646. This court then looked to commentary regarding Fed. R.Civ.P. 60(a), the federal counterpart to rule 60.01, to further explain:

> [Fed.R.Civ.P. 60(a)] deals solely with the correction of errors that properly may be described as clerical or as arising from oversight or omission. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). *Thus a motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.*

*Id.* at 646–47 (alteration in original) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2854 (1st ed.1973)). This court concluded that because the alleged clerical error was not apparent upon the face of the record, the error was not clerical in nature and, therefore, relief was not available under rule 60.01. *Id.* at 647.

In *Denike v. Western Nat'l Mut. Ins. Co.*, 473 N.W.2d 370, 372 (Minn.App.1991), this court applied the reasoning in *Gould* and concluded that because rule 60.01 cannot be used to state something other than what was originally pronounced, the rule could not be used to vacate a prior judgment and enter a new judgment that changed the prevailing party in an action.

■ The child support magistrate's error in determining the monthly cost of insurance for the child was not a clerical error, and, therefore, Minn. R. Gen. Pract. 371.01, subd. 1, could not be used to amend the July 9 order on the magistrate's own motion. The mistake was not apparent upon the face of the record and it was not capable of being corrected by referring to the record only.

The record contained mother's affidavit, in which she stated that she pays $175 per month for medical and dental insurance coverage for the child. The record also contained one of mother's pay stubs, which indicated that $163 was deducted from mother's wages for a semimonthly pay period to pay for medical and dental insurance. This semimonthly deduction would result in a $326 monthly insurance deduction. The pay stub does not attribute any portion of the insurance deduction to insurance for the child. But the record contained a statement from mother's employer that indicated the deduction was for insurance for mother and the child.

Looking only at this record, it is not apparent that the child support magistrate erred by finding that the cost of insurance for the child was $87.50 per month. Although mother stated in her affidavit that the cost of insurance was $175 per month, the magistrate was not required to accept this statement. *Super Valu Stores, Inc. v. Commissioner of Taxation*, 291 Minn. 169, 176, 190 N.W.2d 67, 71 (1971) ("evidence, though not directly contradicted, can be disregarded or discounted by the trier of fact where it is inconsistent with facts or circumstances in evidence"). Other evidence in the record indicated that the monthly cost for insurance for both mother and the child was $326, and there is no reason apparent in the record why more than half of this total cost should be attributed to the child. On this record, the magistrate's finding that insurance for the child cost $87.50 per month could have been based on a determination that mother overstated the portion of the total insurance cost attributable to insurance for the child. Such a determination would necessarily be based on a judicial evaluation of the evidence and is not a clerical error.

Another possible explanation for the magistrate's error is that the magistrate understood the statement in mother's affi-

davit to mean that the monthly cost of insurance for both mother and the child is $175 and attributed one half of this amount to the child. However, there is nothing in either the July 9 or the September 17 order that suggests that this was the basis for the magistrate's finding. And even if this were the explanation for the error, it still would not be a clerical error, but an error based on a misunderstanding of the evidence.[3]

Finally, rule 371.01, subd. 1, cannot be used in the way it was used by the magistrate because the correction the magistrate made changed the prevailing party with respect to wife's initial motion. Following the correction, the magistrate's order said something completely different from the original order.

## Dismissal With Prejudice

■ Father argues that because he voluntarily withdrew his motion for reimbursement of child support before mother responded to the motion, the magistrate erred by dismissing the motion with prejudice. Father contends that dismissal with prejudice precludes him from seeking reimbursement under Minn.Stat. § 518.642 (1998).

■ This court reviews a district court's decision to dismiss a claim with prejudice under an abuse of discretion standard. *Scherer v. Hanson,* 270 N.W.2d 23, 24 (Minn.1978).

Under Minn. R. Civ. P. 41.01(a)(1), a plaintiff may voluntarily dismiss an action "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever occurs first." Such a dismissal, unless otherwise stated in the notice of dismissal, is without prejudice. *Id.* 41.01(a). Here, the record does not contain the notice of dismissal that would be required if Minn. R. Civ. P. 41.01 applied. But the magistrate stated in her findings of fact that, at the contested hearing, father "withdrew all motions relating to [mother's] work-related child care costs and reimbursement by [mother] for alleged overpayments." Consequently, it was evident to the parties and to the magistrate that father was no longer pursuing his motion for reimbursement. Nevertheless, the magistrate dismissed father's motion regarding the overpayments with prejudice.

■ A dismissal with prejudice is a final judgment that ends the case and leaves nothing further to be resolved between the parties. *Foothills Meadow v. Myers,* 832 P.2d 1097, 1098 (Colo.Ct.App. 1992). After a judgment of dismissal with prejudice is entered, the district court has no jurisdiction over the subject matter of the case and is powerless to act further in the matter. *Elwess v. Elwess,* 73 N.M. 400, 389 P.2d 7, 9 (1964).

Because a legal justification for the dismissal with prejudice of father's motion is not apparent, and the magistrate did not provide any explanation why the motion was dismissed after it was withdrawn, the magistrate abused her discretion by dismissing the motion with prejudice.

## DECISION

Because the second order made a substantive amendment to the first order rather than correcting a clerical error, it was beyond the scope of Minn. R. Gen. Pract. 371.01, subd. 1, and it was unauthorized. Because the child support magistrate abused her discretion by dismissing with prejudice father's motion for reim-

---

3. Minn. R. Gen. Pract. 371.01, subd. 1, permits the magistrate to correct errors in mathematical calculations at any time upon the magistrate's own motion. But even if the magistrate erroneously divided mother's claimed cost of insurance for the child, the authority to correct mathematical errors does not permit correction of this error because it is not a mathematical error ($175 ÷ 2 = $87.50). The mathematical calculation was done correctly, but it should not have been done.

bursement after he withdrew the motion, we reverse that portion of the first order. Because the child support magistrate did not determine whether mother's motion for review was properly served, we remand for further consideration.

**Vacated in part, reversed in part, and remanded.**