IN RE APPEAL FROM LAKE ALICE SEWER ASSESSMENT.
FRANCIS T. WILSON AND OTHERS v. CITY OF FERGUS
FALLS.[1]

October 10, 1930.

No. 28,029.

[1]Reported in 232 N. W. 322.

330

*W. P. Berghuis,* City Attorney, for appellant.

*Leonard Eriksson* and *Harold Ranstad,* for respondent property owners.

WILSON, C. J.

The city of Fergus Falls established a sewer district. Some of the property owners appealed from their assessments to the district court. Judge Gunderson, now deceased, filed an order March 3, 1928, wherein he found as conclusions of law that the assessment proceedings were void and that the city acted without jurisdiction. Judgment was entered April 10, 1928.

The findings of fact were lengthy and contained a finding that the market value of the property involved was not benefited by the construction of the sewer.

After the entry of judgment the city, acting under its charter provisions, proceeded to reassess the property affected by the sewer district, and a reassessment was made and completed.

Thereafter and on August 22, 1928, counsel for the property owners presented to Judge Gunderson a petition for an order authorizing and directing the clerk to amend the conclusions of law in the order for judgment and the judgment so as to include:

"And the property hereinbefore described should be adjudged not to have been benefited by the attempted improvement * * * and said properties are not subject to assessment."

Judge Gunderson suggested to counsel presenting the petition the propriety of a hearing after notice to opposing counsel. But

an ex parte order was made as requested. The clerk on August 23, 1928, entered an amended order for judgment and amended judgment. This was not learned by the city until January 25, 1929.

Pursuant to a notice of motion made by the city, Judge Cameron, on February 15, 1929, made an order vacating and annulling the order of August 23, 1928, and the amendments made pursuant thereto. Immediately thereafter counsel for the property owners noticed a motion to vacate the order made by Judge Cameron. This notice was returnable before Judge Cameron. The moving parties filed an affidavit of prejudice, and then the motion came on for hearing before Judge Roeser, who entertained the motion and "ordered, adjudged, determined and decreed" that the order of Judge Gunderson of August 22, 1928, was properly and intentionally made to correct a clerical mistake; that the order of Judge Cameron was improvidently made without authority and was annulled; and that the order for the Gunderson amendment be ratified. The appeal is from Judge Roeser's order.

■ The language of the order precludes the idea that a judgment was to be entered. It in effect determined the question presented. A judgment from which an appeal might be taken was unnecessary. It was a final order. It was appealable. G. S. 1923 (2 Mason, 1927) § 9498(5, 7).

■ A court of record may correct its own clerical errors and mistakes at any time so as to make its judgments and records conform to what it intended they should be. McClure v. Bruck, 43 Minn. 305, 45 N. W. 438; Chase v. Whitten, 62 Minn. 498, 65 N. W. 84; First T. & S. Bank v. U. S. F. & G. Co. 163 Minn. 168, 203 N. W. 612. We refer to matters which do not involve third persons.

After a judgment or decree has been deliberately entered as the result of judicial consideration, the power of the court to amend or vacate is exhausted upon the expiration of the time to appeal therefrom. Gallagher v. Irish-Am. Bank, 79 Minn. 226, 81 N. W. 1057; Tomlinson v. Phelps, 93 Minn. 350, 101 N. W. 496; Connelly v. Carnegie D. & F. Co. 148 Minn. 333, 181 N. W. 857; In re Judicial

Ditch No. 4, 160 Minn. 387, 200 N. W. 471. But during such period an amendment of such judicial conclusion and determination cannot be made without notice to the adverse party.

■ Did the amendments involve a clerical mistake? We think not. Such a mistake ordinarily is apparent upon the face of the record and capable of being corrected by reference to the record only. It is usually a mistake in the clerical work of transcribing the particular record. It is usually one of form. It may be made by a clerk, by counsel, or by the court. A clerical error in reference to an order for judgment or judgment, as regards correction, includes one made by the court which cannot reasonably be attributed to the exercise of judicial consideration or discretion.

■ In the instant case the conclusion was that the proceedings were irregular and void. The policy disclosed in home rule charters, including the city's charter, is that the public authorities may usually make a reassessment. That was done here. The purpose of the amendment was to obtain an adjudication that would prevent such action on the part of the city. The record does not disclose anything to prompt a mind operating judicially to conclude that the city should be deprived of its charter power. The order for judgment was on its face complete without amendment. The omission was not a necessary part of the judgment, nor was there any ambiguity. The very character of the amendment and the effect thereof indicates that its omission or inclusion involved the exercise of judgment or discretion in pursuance of a determination. It was a different and added disposition of the case. It was sought because its effect was more inclusive than the original disposition. The amendment was intended to constitute a bar as to further proceedings in relation to the assessment. The original judgment was not a bar. We conclude that the omission was of substance, of judgment, and of law affecting the merits and not a mere error of form. The error, if any, was judicial, not clerical. It was therefore of such character that the trial court could not make a correction upon its own motion.

In Day v. Mountin, 89 Minn. 297, 94 N. W. 887, it was held that where a judgment which would not be a bar to a new action was erroneously entered, such judgment could not be amended by the court, against objections, so as to make it a dismissal upon the merits. It was there considered that the parties' substantial rights were involved. It was also held in Jonathan Ring & Son, Inc. v. Winola W. Y. Co. 228 N. Y. 127, 126 N. E. 514, that a judgment of nonsuit cannot thereafter be set aside by the trial judge and a judgment dismissing the complaint on the merits be entered.

■ The attorneys for the city were entitled to notice and an opportunity to oppose the application for the amendment. G. S. 1923 (2 Mason, 1927) § 9239; Zell v. Friend-Crosby & Co. 160 Minn. 181, 199 N. W. 928. The making of the ex parte order was reversible error. Counsel, having appeared in the case, was entitled to notice of all subsequent proceedings.

Reversed.