*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A16-0989**

State of Minnesota,
Respondent,

vs.

Daniel John Mechtel,
Appellant.

**Filed December 27, 2016**
**Affirmed**
**Connolly, Judge**

Beltrami County District Court
File No. 04-CR-15-869

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Annie Claesson-Huseby, Beltrami County Attorney, Bemidji, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)


Considered and decided by Bjorkman, Presiding Judge; Connolly, Judge; and Reilly, Judge.

**UNPUBLISHED OPINION**

**CONNOLLY**, Judge

Appellant challenges his sentence and the amended warrant of commitment committing him to 60 months in prison on the ground that the district court lacked authority to amend appellant's sentence. Because the amended warrant of commitment was merely a correction of a clerical error on the original warrant of commitment, and because the district court did not change appellant's sentence, we affirm.[1]

**FACTS**

In March 2015, appellant Daniel Mechtel was charged with being an ineligible person in possession of a firearm after ammunition was found in his home, a shotgun was found in his garage, and a rifle was found in his vehicle. A jury found him guilty as charged.

Appellant's presentence investigation (PSI) stated that:

> MINNESOTA SENTENCING GUIDELINES REVIEW:
> According to the Minnesota Sentencing Guidelines, on Possess Pistol/Assault Weapon-Conviction or Adjudicated Delinquent for Crimes of Violence is a severity level 6 offense, and with a criminal history score of 1, recommends an executed sentence of 60 months.
> RECOMMENDATION:
> It is respectfully recommended that the defendant be committed to the Commissioner of Corrections for a period of 60 months with 40 months served in prison and 20 months served on supervised release . . . .

---

[1] Because respondent State of Minnesota did not file a brief, this matter proceeded under Minn. R. Civ. App. P. 142.03 (providing that, if respondent does not file a brief, the case shall be determined on the merits.)

2

At the sentencing hearing, the district court, counsel for both appellant and the state, and appellant agreed that the mandatory sentence for his offense was 60 months, as recommended by the Sentencing Guidelines and on the PSI. Appellant's counsel said he and appellant had gone over the PSI; when asked if he had any corrections to it, he said, "There are a few dates that are incorrect, but nothing significant." Counsel for the state, when asked for any recommendations, said the 60-months recommendation on the PSI was "a recommendation that the legislature has . . . created for [the state] and, unfortunately, I think for the Court" and added that the state had "no alternate recommendations from the 60 month mandatory commit set forth in [the PSI]." No one at the sentencing hearing challenged the 60-month sentence or recommended a lesser sentence, although the state's counsel expressed hope that appellant "can get through some programming that will allow him to secure an early release and we'll welcome him back into the community." Appellant said, "[T]here should be some changes in the law . . . because of the fact that I'm not a hardened criminal," but he did not dispute that 60 months was the legal sentence and said "you're just doing what it says by the guidelines."

The district court then imposed the sentence, saying, "[I]t is a 60 month sentence with 40 months in prison with good time and 20 months on conditional release provided that there are no disciplinary infractions in prison" and added, "[The s]tatutory minimum fine and surcharge and law library fee would be sent to collections." Appellant then asked about the amount in question: "How much is it going to be?" The district court, thinking appellant was asking how much time he would have to spend in prison, answered, "Forty months." The misunderstanding was soon clarified: appellant asked, "Forty?"; the district

court answered, "Yeah"; appellant again asked, "Forty bucks?"; the district court repeated, "Forty months," then realized what appellant really wanted to know and said, "Oh, a 50 dollar fine plus the fees." Appellant repeated, "Oh, a $50 dollar fine" and explained, "That's what I was asking." The district court said there was nothing to be done about the fine, and appellant replied, "I just don't want it sitting there. I don't owe [the c]ounty a dime on my—when I was in jail here . . . ."

Although it was undisputed that appellant had been sentenced to 60 months, the warrant of commitment issued the same day committed him to the commissioner of corrections for 40 months. This disparity came to the attention of the Minnesota Sentencing Guidelines Commission (MSGC) six months later: it noticed that appellant's presumptive guideline sentence was 60 months, he had been committed for 40 months, and no report had been filed on this departure from the guidelines. MSGC therefore requested a report, asking the district court to indicate on a printed form whether there had been a departure, to give the reason if there had been, and to explain how the discrepancy occurred if there had not been a departure.

On the form, the district court checked the box that preceded "Sentencing information listed above is incorrect" and, after the words, "The correct pronounced sentence is:" wrote "60 mos. Corrected today in amended commitment order." An Amended Warrant of Commitment was issued committing appellant to the commissioner of corrections for 60 months.

Appellant challenges the amended commitment order, arguing that the district court lacked authority to amend his sentence.

4

**D E C I S I O N**

This court reviews de novo a district court's ruling on a motion to correct clerical errors. *See Brazinsky v. Brazinsky*, 610 N.W.2d 707, 710 (Minn. App. 2000).

If there is a discrepancy between the oral and written sentences that is attributable to clerical error, the district court may correct it at any time. Minn. R. Crim. P. 27.03, subd. 10. A clerical error

> ordinarily is apparent upon the face of the record and capable of being corrected by reference to the record only. It is usually a mistake in the clerical work of transcribing the particular record. It is usually one of form. It may be made by a clerk, by counsel, or by the court. A clerical error in reference to an order for judgment or judgment, as regards correction, includes one made by the court which cannot reasonably be attributed to the exercise of judicial consideration or discretion.

*Wilson v. City of Fergus Falls*, 181 Minn. 329, 332, 232 N.W. 322, 323 (1930). Here, the clerical error occurred when "40" instead of "60" was written at the bottom of the first page and the top of the second page on the warrant of commitment, which the district court then signed. But the "40 months" written in error could not have been "attributed to the exercise of judicial consideration or discretion"; the district court orally imposed the mandatory 60-month sentence.

"'[A]n orally pronounced sentence controls over a [written] judgment and commitment order when the two conflict.'" *State v. Staloch*, 643 N.W.2d 329, 331 (Minn. App. 2002) (quoting *United States v. Villano*, 816 F.2d 1448, 1450 (10th Cir. 1987)). Thus, appellant's oral 60-month sentence prevails over the 40-month sentence on the commitment order.

5

*Staloch* also holds that a district court "*cannot later impose a more severe sentence under the guise of making a clerical correction.*" *Id.* at 332 (emphasis added). Appellant takes the italicized language out of context to argue that the district court here could not impose a more severe sentence after the original warrant committed him for 40 months. But *Staloch* is distinguishable. It concerned the conflict between an oral pronouncement that 75 days of a 105-day sentence were stayed and a written order imposing on the stay the condition that the defendant obey all laws for one year. *Id.* at 330. Based on the written order, the defendant was charged with probation violation. *Id.* He appealed on the ground that he was not on probation because no conditions had been imposed in the oral sentence, and this court agreed, noting that "the oral pronouncement controls." *Id.* at 332. But here, there was a clerical error: the written commitment order had to be amended to conform to the oral sentence.

Appellant also relies on *Pageau v. State*, 820 N.W.2d 271, 277 (Minn. App. 2012), but that case is also distinguishable. It concerned whether a defendant's probationary periods were concurrent or consecutive. *Id.* at 273. The district court said it had intended to impose "probation for two consecutive three year terms." *Id.* at 274. This court wrote, "Although we conclude that the sentence is ambiguous, we are not persuaded that it is appropriate to rely on judicial intent to resolve the ambiguity in this case." *Id.* at 277. Appellant argues that the district court's intent when it pronounced a 60-month sentence should be similarly irrelevant in resolving the ambiguity here. But the sentence in *Pageau* was inherently ambiguous: nothing in the district court's oral pronouncement indicated

whether the probation terms were or were not consecutive.  Here, the oral pronouncement was clear: appellant was sentenced to 60 months in prison.

**Affirmed.**