*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0599**

In re the Marriage of:

Chriss O. Latterell, petitioner,
Respondent,

vs.

Mary Jean Latterell,
Appellant.

**Filed January 29, 2024
Reversed and remanded
Cochran, Judge**

Ramsey County District Court
File No. 62-F2-92-003547

James D. Capra, James D. Capra, Inc., White Bear Lake, Minnesota (for respondent)

David K. Meier, Sjoberg & Tebelius, P.A., Woodbury, Minnesota (for appellant)

Considered and decided by Slieter, Presiding Judge; Cochran, Judge; and Larson, Judge.

**NONPRECEDENTIAL OPINION**

**COCHRAN**, Judge

Appellant challenges the district court's partial denial of her motion to amend the parties' dissolution judgment and decree (J&D), arguing that the district court erred by denying her request for an amendment specifying that she is entitled to half of respondent's pension plan. Because the district court did not consider whether appellant may be entitled

to the requested relief based on the supreme court's decision in *Pooley v. Pooley*, 979 N.W.2d 867 (Minn. 2022), we reverse and remand.

## FACTS

Appellant Mary Jean Latterell (wife) and respondent Chriss O. Latterell (husband) dissolved their marriage by a J&D, entered on November 3, 1993. Husband was the petitioner in the dissolution proceeding. The J&D noted that husband earned pension benefits through his employer, Northwest Airlines, Inc., and specified the value of those benefits at the time of dissolution. The J&D also included the following provision regarding the division of husband's pension benefits:

> Respondent is entitled to a marital interest share of petitioner's *Honeywell Retirement Benefit Plan* to be computed pursuant to the formula set forth in *the Qualified Domestic Relations Order (QDRO), which is a separate document and incorporated by reference*. The respondent is awarded all interest in *his NWA, Inc. pension plan* except as set forth in the aforesaid QDRO.

(Emphasis added.) Despite the J&D's reference to a QDRO, no QDRO was ever submitted to the court for approval or filed in the dissolution proceeding. As a result, the dissolution court never defined the "marital interest share" of husband's pension benefits and did not "compute[]" how those benefits were to be divided between the parties.

In February 2022, husband reached age 65, and began receiving pension benefits. At this time, wife became aware that a QDRO had never been filed. Wife then contacted husband to "notify[] him of the error and ask[] for his cooperation." Wife also contacted Delta Airlines, the successor-in-interest to Northwest Airlines, "to prepare a QDRO for [Delta's] approval." When wife later submitted a proposed QDRO to Delta, Delta

2

informed wife that it could not implement the QDRO until it received an "actual order." Husband refused to agree to the proposed QDRO.

In October 2022, wife moved the district court to amend the relevant conclusion of law in the J&D "to correctly identify [husband's] retirement account" as associated with Northwest Airlines, rather than Honeywell, and to "clarify" the extent of wife's interest in that account based on the court's duty "to make a just and equitable division of the marital property of the parties pursuant to" Minnesota Statutes section 518.58, subdivision 1 (2022). Wife asked the district court to correct the J&D's reference to Honeywell, to approve the proposed QDRO, and to clarify that she was entitled to half of husband's Northwest Airlines pension benefits pursuant to the QDRO. In an affidavit supporting her motion, wife stated that she understood the "marital interest share" language in the J&D to mean that she was entitled to "50% of the marital portion of the [Northwest Airlines pension]." Wife also stated that it was her understanding that husband's attorney was responsible for preparing and submitting a QDRO for approval by the dissolution court in 1993 but never did so.

Husband opposed the motion. Husband acknowledged that the J&D was "fraught with errors and omissions," including references to a "Honeywell Retirement Benefit Plan" that did not exist and a QDRO that was never submitted to the dissolution court. But husband argued the district court should deny wife's motion because it was untimely.

After a hearing, the district court granted wife's motion to amend the J&D to correctly identify husband's pension as through Northwest Airlines rather than Honeywell, but it denied wife's motion to incorporate the proposed QDRO into the J&D or otherwise

3

clarify wife's interest in husband's pension benefits. The district court determined that the J&D's reference to the incorrect pension plan was a clerical error that could be corrected at any time under rule 60.01. But the district court ruled that the parties' failure to clarify how husband's pension benefits should be divided between the parties was a "mistake" under Minnesota Rule of Civil Procedure 60.02 and that wife's motion to correct the mistake was time-barred by Minnesota Statutes section 518.145 (2022). Wife then filed a request for reconsideration, which the district court denied.

Wife appeals.

**DECISION**

Wife challenges the district court's denial of her motion to modify the J&D to incorporate the proposed QDRO into the J&D or otherwise clarify wife's interest in the pension plan. She argues that the failure of the parties and the dissolution court to incorporate a QDRO into the J&D in 1993 was a clerical mistake that arose from an oversight or omission which is redressable under rule 60.01. She also contends that the district court's denial of her motion as time-barred under section 518.145 was "contrary to [the] fair and equitable division of the marital property as contemplated in the decree" and required by Minnesota Statutes section 518.58 (2022). We first address the argument pertaining to rule 60.01 and then turn to the argument relating to section 518.145.

A.    **Minnesota Rule of Civil Procedure 60.01**

Minnesota Rule of Civil Procedure 60.01 authorizes courts to correct at any time clerical mistakes in final judgments. It states:

4

> Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court *at any time* upon its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected with leave of the appellate court.

Minn. R. Civ. P. 60.01 (emphasis added). Generally, a clerical mistake "is apparent upon the face of the record and capable of being corrected by reference to the record only." *Medtronic, Inc. v. Advanced Bionics Corp.*, 630 N.W.2d 438, 447 (Minn. App. 2001) (quoting *Wilson v. City of Fergus Falls*, 232 N.W. 322, 323 (Minn. 1930)). A clerical mistake "is usually a mistake in the clerical work of transcribing the particular record" and "may be made by a clerk, by counsel, or by the court." *Id.* (quoting *Wilson*, 232 N.W. at 323). A motion to correct a clerical mistake "can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." *Gould v. Johnson*, 379 N.W.2d 643, 647 (Minn. App. 1986) (emphasis omitted) (quotation omitted), *rev. denied* (Minn. Mar. 14, 1986).

Here, the terms of the J&D reflect an intent to award wife a share of the marital portion of husband's pension benefits, but the J&D does not specify the extent of wife's interest in these benefits or otherwise divide the pension benefits in the J&D. Instead, the J&D referenced a QDRO, a document typically used to apportion pension benefits, but a QDRO was never submitted by the parties or approved by the dissolution court. Absent certainty about the extent of wife's interest in the pension benefits, the lack of an award of that interest is neither "capable of being corrected by reference to the record only" nor "a mistake in the clerical work of transcribing the particular record." *Medtronic*, 630 N.W.2d

5

at 447 (quoting *Wilson*, 232 N.W. at 323). We therefore conclude that the district court correctly determined that wife's request to identify her interest in husband's pension benefits is not susceptible to correction under rule 60.01 as a "clerical mistake."[1]

## B.  Minnesota Statutes section 518.145

A party seeking relief from an otherwise final dissolution judgment and decree can do so under section 518.145 for various reasons, including "mistake, inadvertence, surprise or excusable neglect." Minn. Stat. § 518.145, subd. 2. The statute requires that a relevant motion for relief be made within a reasonable time, and not more than one year after the judgment was entered. *Id.* Here, the district court determined that wife's motion to amend the J&D was untimely because she filed it in 2022, more than one year after the J&D was entered. This analysis assumes that the time limit in section 518.145 applies to wife's motion.

In reaching its decision that wife's motion was not timely, the district court did not consider the supreme court's recent decision in *Pooley*.[2] In *Pooley*, the supreme court

---

[1] To the extent that the district court also determined that wife's motion to amend the J&D was untimely under Minn. R. Civ. P. 60.02, we note that rule 60.02 does not apply to dissolution judgments. Indeed, rule 60.02 specifically states that a district court may grant relief from judgments "*other than a marriage dissolution decree*." (Emphasis added.) And the supreme court has stated that "motions to modify divorce decrees brought under [r]ule 60.02 should not be entertained by the district courts." *Lindsey v. Lindsey*, 388 N.W.2d 713, 716 n.1 (Minn. 1986). But because the district court correctly declined to alter the J&D under rule 60.02, we will not alter that determination even though it incorrectly implies that rule 60.02 applies here. *See Katz v. Katz*, 408 N.W.2d 835, 839 (Minn. 1987) (stating that appellate courts "will not reverse a correct decision simply because it is based on incorrect reasons").

[2] *Pooley* was released a few months prior to the district court's decision in this case.

clarified that the one-year time limit under section 518.145 does not apply to motions addressing the division of a marital asset if the dissolution court did not divide the asset during the dissolution proceedings. 979 N.W.2d at 875. Here, the district court applied the time limit in section 518.145 without addressing whether this statutory provision applies to wife's motion in light of *Pooley*. As a result, the district court's decision that wife's motion was untimely under section 518.145 was premature, at best.

The supreme court's decision in *Pooley* was not explicitly cited by the parties before the district court or this court. Thus, *Pooley*'s applicability to this case is arguably beyond our scope of review. *See, e.g.*, *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that appellate courts address only those questions previously presented to and considered by the district court); *State, Dep't of Lab. & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (declining to address an inadequately briefed issue); *Brodsky v. Brodsky*, 733 N.W.2d 471, 479 (Minn. App. 2007) (applying *Wintz* in a family-law appeal). For three reasons, however, we conclude that we may consider *Pooley* in addressing the district court's denial of wife's motion based on the one-year time limit set forth in section 518.145.

First, regarding the "applicability of [a] law" that "[n]either party discussed . . . in either briefs or at oral argument," the supreme court stated: "[I]t is the responsibility of appellate courts to decide cases in accordance with law, and that responsibility is not to be diluted by counsel's oversights, lack of research, failure to specify issues or to cite relevant authorities." *State v. Hannuksela*, 452 N.W.2d 668, 673 n.7 (Minn. 1990) (quotation omitted). The supreme court then noted that the doctrine in question was "not of

7

questionable validity," and "proceed[ed] to consider its application . . . notwithstanding that the parties failed to raise or discuss the issue in their briefs or at oral argument." *Id.*; *see also Moorhead Econ. Dev. Auth. v. Anda*, 789 N.W.2d 860, 875 (Minn. 2010) (applying *Hannuksela* in a civil case). Here, the *Pooley* opinion is not of questionable validity—it is the supreme court's most recent statement on when a motion to amend a dissolution judgment and decree is barred by the time limit in section 518.145.

Second, the supreme court in *Pooley* held that the time limit in section 518.145 did not bar the attempt to amend the judgment in that case, in part because district courts have a duty "to divide parties' marital property justly and equitably" when dissolving marriages. 979 N.W.2d at 875 (citing Minn. Stat. § 518.58, subd. 1). Here, wife did not cite *Pooley*, but she did explicitly seek relief in district court and before this court based on the court's duty "to make a just and equitable division of the marital property of the parties pursuant to [section 518.58, subdivision 1]." Thus, part of the argument wife made to the district court and makes to this court is the same argument the supreme court found persuasive in *Pooley*. In these circumstances, the basis for this court to address *Pooley* is strong.

Third, as explained below, this court is not resolving the parties' dispute based on an application of *Pooley*. This court is merely directing the district court to consider the *Pooley* analysis for the purpose of determining whether the time limit in section 518.145 applies to a particular motion to modify a dissolution J&D as a logical prerequisite to its determination that the motion here was untimely under that time limit. As a result, neither party will be prejudiced by this court addressing *Pooley* for this limited purpose.

8

In sum, we conclude that this court may consider the *Pooley* opinion in analyzing wife's argument regarding the division of husband's pension benefits. We further conclude remand is necessary because the district court did not address whether, under *Pooley*, the time limit in section 518.145 applies to wife's motion regarding the division of the pension benefits. We therefore reverse and remand. On remand, the district court shall determine whether, under *Pooley*, the dissolution court was able to make a fair and equitable division of husband's Northwest Airlines pension benefits as required under section 518.58 without a QDRO and whether wife's motion is time-barred by section 518.145. *See, e.g.*, *Monson v. Suck*, 855 N.W.2d 323, 329-30 (Minn. App. 2014) (explaining that appellate courts "refrain from addressing the alternative arguments so that the district court may address them in the first instance in further proceedings"), *rev. denied* (Minn. Dec. 30, 2014); *Slindee v. Fritch Inv., LLC*, 760 N.W.2d 903, 911 (Minn. App. 2009) (providing that appellate courts "generally do not address issues presented in but not decided by the district court" and remanding to give the district court the opportunity to address an issue in the first instance).

We recognize that additional evidence regarding the parties' 1993 dissolution proceedings may be necessary to determine whether, under *Pooley*, wife's motion to amend falls under section 518.58 or section 518.145. Such evidence might include testimony from the parties or their attorneys as to whether the terms of a QDRO were known to the dissolution court at the time of dissolution even though a QDRO was not submitted by the parties to the dissolution court. Accordingly, on remand, the district court has discretion to conduct an evidentiary hearing to elicit whatever evidence it may need to resolve any

9

outstanding questions raised by *Pooley* or any other question it may need to address. If the district court determines that section 518.145 does not preclude wife's motion because the J&D was entered in 1993 without a determination by the dissolution court as to the fair and equitable division of the marital share of husband's pension benefits, the district court shall divide the marital share of husband's pension benefits on remand.

**Reversed and remanded.**